42326. KIMBROUGH v. THE STATE.
(330 SE2d 875)

MARSHALL, Presiding Justice.

Johnny Ware Kimbrough appeals from his conviction of the felony murder and attempted armed robbery of Reginald ("Reggie") Dorsey and the robbery and armed robbery of Marvin ("Tater") Mize. He received consecutive life sentences for the murder and armed robbery, and a consecutive 10-year sentence for the attempted armed robbery.[1] There was evidence which authorized the jury to find that the appellant and two co-defendants, whose trials were severed, drove to the home of Kenneth ("Bulldog") Watkins with the intention of stealing marijuana from Watkins, and committed the crimes on the two victims, who happened to be at Watkins' home. The sufficiency of the evidence to support the conviction is not challenged.

1. The appellant contends that he was denied his state and federal constitutional rights of confrontation because the sentence given one of his co-defendants, testifying on behalf of the state, was allegedly prevented from being revealed on cross-examination. Contrary to the appellant's contention, the trial judge ruled: "Well, the issue as I see it here is the state of mind of this witness, and in showing this state of mind I think the defense is entitled to a cross-examination, not only as to what the sentence was but as to what this defendant heard said concerning this that would in any way tend to affect his state of mind or feelings toward the defendant . . . I'll allow the cross-examination on that sentence." The fact that the appellant's counsel did not choose to go into the subject during the guilt/innocence phase but waited until the sentencing phase to show that the

---

[1] The crimes were committed on March 17, 1984. The jury returned its verdict of guilty on September 30, 1984. The transcript of evidence was filed on January 10, 1985. Motion for new trial was filed and overruled on February 19, 1985. Notice of appeal was filed on March 13, 1985, and the case was docketed in this court on May 2, 1985. After briefing, it was submitted for decision without oral argument on June 14, 1985.

co-defendant had pled guilty to voluntary manslaughter, armed robbery and attempted armed robbery, and was sentenced to 15 years' confinement plus 25 years' probation — was an obvious strategic ploy designed to evoke sympathy from the jury by claiming that it is unfair for the appellant to be executed for murder while a co-defendant only got 15 years' imprisonment. This strategy was obviously successful, as shown by the jury's recommendation for mercy despite having found two statutory aggravating circumstances. The evidence of guilt was overwhelming and not contested — the case was tried to determine whether the appellant would be executed or not, in which aspect he won his case. There was no error in this regard.

2. The appellant next contends that he was denied his guaranteed confrontation rights because he allegedly was not allowed to question a rebuttal state's witness on cross-examination about his pending parole-revocation hearing, in order to show the witness' interest and bias.

Here, the witness had been convicted of murder. He had been on parole. His parole was in the process of being revoked because of a pending theft-by-receiving charge. The trial judge allowed the appellant to ask the witness what he was incarcerated for (a pending theft-by-taking charge) and about his pending parole revocation based on the alleged theft by taking, but ruled that the appellant could not submit evidence of the murder conviction without introducing a certified record of the conviction.

The decisions interpreting the Confrontation Clause of the Sixth Amendment, as applicable to the states through the Due Process Clause of the Fourteenth Amendment, guarantee "the defendant in a criminal trial both the general right to cross-examine witnesses against him and the more specific right to cross-examine a key state's witness concerning pending criminal charges against the witness . . . 'One way of discrediting the witness is to introduce evidence of a prior criminal conviction of that witness . . .' " *Hines v. State*, 249 Ga. 257, 259 (2) (290 SE2d 911) (1982). "To impeach a witness by a prior conviction the conviction must be proved by the record of conviction itself, not by cross-examination. *Timberlake v. State*, 246 Ga. 488, 499 (271 SE2d 792) (1980)." *Ledesma v. State*, 251 Ga. 885, 888 (4) (311 SE2d 427) (1984). We find no error in the trial court's ruling.

3. The appellant urges that the trial judge erred in improperly commenting to the jury on two different occasions during the trial upon the possibility of appellate review. See *Prevatte v. State*, 233 Ga. 929 (6) (214 SE2d 365) (1975); *Scott v. State*, 229 Ga. 541, 546 (3) (192 SE2d 367) (1972).

The first comment came at the conclusion of the guilt/innocence phase of the trial, when the court released the jury for the evening with the following instructions: "The evidence is closed. Now, mem-

bers of the jury, we have several matters that we have to take up outside the presence of the jury, and you're not concerned with that and there's no need in keeping you longer this afternoon. Sheriff advises me that he has made arrangements for you to eat at another place to give you some variety for tonight, and a radio will be available for you to listen to tonight's football game. It'll still be the same restrictions on television. There should be no listening to any radio program that involves any scenario that deals with the justice system or criminal activity in any way. *The court is under more restraints involving a capital felony case with the appellate courts*, and your last — last request I must respectfully and regretfully decline."

The appellant failed to object to this comment at trial and thus waived the right to raise this on appeal. *Woods v. State*, 242 Ga. 277, 282 (4) (248 SE2d 612) (1978) and cits. See also *Spence v. State*, 252 Ga. 338 (3) (313 SE2d 475) (1984). Even if the merits of this alleged error be considered, moreover, "the remarks complained of were mere abstract references to the appellate courts, and they did not in any way tend to express doubt as to the correctness of any ruling made by the court or suggest to the jury that their responsibility in deciding the issues of the case could be lightly discharged because of the possibility of an appeal or of consideration of the case by the appellate courts." *Scott v. State*, 229 Ga. 541, supra (3).

The second alleged remark pertaining to appellate courts, is not found at the page in the transcript to which we are cited. Moreover, as the jury was not present in the courtroom at that specified phase of the trial, no harm has been shown. See, e.g., *Jones v. State*, 250 Ga. 498 (4) (299 SE2d 549) (1983).

4. Contrary to the appellant's contention, the underlying felony of armed robbery does not merge with the felony-murder conviction, because the underlying felony charged in one count of the indictment was committed upon one victim (Mize) and the felony murder charged in another count of the indictment was committed upon another person (Dorsey). *Satterfield v. State*, 248 Ga. 538 (3) (285 SE2d 3) (1981). See also *Biddy v. State*, 253 Ga. 289, 292 (2) (319 SE2d 842) (1984). The case of *Walker v. State*, 254 Ga. 149 (1) (327 SE2d 475) (1985), is not authority to the contrary. There, the defendant was charged and found guilty of a murder by means of arson (Count 1) and the arson of the dwelling house of another (Count 2). This court held that these convictions merged, despite the state's contention that the underlying felony was committed on a different victim. *Satterfield*, supra, and *Collier v. State*, 244 Ga. 553 (6) (261 SE2d 364) (1979) (which was specifically modified in *Satterfield* at p. 541) involved distinctly separate actions aimed at separate victims, therefore it was proper not to merge the underlying felonies. In *Walker*, on the other hand, the single burning aimed at a single victim consti-

tuted and resulted in the two crimes being charged. As the appellant first committed an armed robbery on Mize, then murdered Dorsey while attempting to rob him, *Satterfield*, not *Walker*, controls, and the convictions do not merge.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 27, 1985.

*J. Roland DeWitt*, for appellant.

*Bruce L. Udolf, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis*, for appellee.