## 45397. WALKER v. THE STATE.

(370 SE2d 149)

BELL, Justice.

Appellant George Walker was convicted of felony murder and aggravated assault, and was sentenced to terms of imprisonment.[1] Walker appeals and we affirm.

Walker and a friend, Terry Bonner, who both were black, attended a dry rush party at a predominantly white fraternity at West Georgia College in Carrollton, Georgia. Fraternity members asked Walker and Bonner to leave, reportedly because the two men had beer with them. As Walker and Bonner left the party, a series of verbal exchanges began, followed by a confrontation between Walker and Bonner and fraternity members on a street near the fraternity. The altercation ultimately resulted in the stabbing death of one fraternity member, Adam Frentheway, and a stab wound to the abdomen of a second member, Michael Paulk. The jury convicted Walker of the aggravated assault of Paulk and of the felony murder of Frentheway, based on the underlying felony of aggravated assault of Frentheway.

1. We conclude that the evidence was sufficient to support the convictions under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his first two enumerations, Walker contends that the trial court violated Uniform Superior Court Rule 10.1, OCGA § 15-12-133, the Sixth and Fourteenth Amendments, and 1983 Ga. Const. Art. I, Sec. I, Pars. I and XI, by improperly restricting voir dire examination

---

[1] The alleged offenses occurred on September 24, 1986. The grand jury for the October 1986 term of Carroll Superior Court indicted Walker. The indictment had four counts, which accused Walker of malice murder (Count I), felony murder (Counts II and III), and aggravated assault.

There were two victims: Adam Frentheway, who died, and Michael Paulk, who survived. The second count of the indictment accused Walker of the felony murder of Frentheway, based on the underlying felony of aggravated assault of Frentheway. The third count accused Walker of the felony murder of Frentheway, based on the underlying felony of aggravated assault of Paulk. The fourth count accused Walker of the aggravated assault of Paulk.

On January 29, 1987, Walker's trial jury convicted him of Counts II and IV, and the court imposed a life sentence on Count II and a consecutive twenty-year sentence on Count IV. On February 12, 1987, Walker moved for a new trial. The court reporter certified the transcript on May 29, 1987. Walker amended his motion for new trial on July 21, and the court denied the motion on October 30, 1987. On November 24, 1987, Walker filed his notice of appeal. The clerk of superior court certified the record on January 5, 1988. The clerk of this court docketed the appeal on January 13, 1988. We heard oral arguments on March 8, 1988.

of prospective jurors concerning racial bias, pre-trial publicity, and self-defense. We find no error. The court did not improperly restrict voir dire in any way.

3. (a) In the appellant's third enumeration, he contends that the trial court violated OCGA § 17-8-57 by impermissibly commenting on the evidence. Walker did not contemporaneously object or move for a mistrial on this ground, but, relying on *Allen v. State*, 194 Ga. 178 (21 SE2d 73) (1942), he contends that his failure to object or move for a mistrial was not a procedural default.

We disagree. In *Pulliam v. State*, 196 Ga. 782, 790 (6) (28 SE2d 139) (1943), this court overruled any previous cases that held "the view that a failure of the aggrieved party to move for a mistrial, or to register a proper objection, because of prejudicial remarks of the judge in this connection, will not preclude the party prejudiced thereby from complaining thereof after verdict, in the event the finding of the jury be adverse to him." The present rule is that "[t]he question of whether [§ 17-8-57] has been violated is not reached unless an objection or motion for mistrial is made." *State v. Griffin*, 240 Ga. 470 (241 SE2d 230) (1978). Accord *Ford v. State*, 255 Ga. 81 (2) (335 SE2d 567) (1985). We therefore find that Walker waived the right to contend that the court violated § 17-8-57. This part of Enumeration Three has no merit.

(b) Walker also alleges in Enumeration Three that the same comment by the trial court violated his due process rights under the state and federal constitutions. However, as with his contention concerning § 17-8-57, Walker did not raise this issue at trial, and therefore has forfeited the right to subsequently assert it.

Moreover, for the following reasons, we find no substantive merit in his due-process contention. The colloquy in which the comment occurred is as follows:

The court: Why ask that?

Mr. Word (defense counsel): Your honor, I'm trying to make sure race isn't an issue in this case.

The court: Ask them that question, and if there's any response you can ask that.

Mr. Mallory (the district attorney): Is he asking if race is an issue, your honor, is that the question?

The court: Yes, sir.

. . . .

The court: I don't think you can ask them. I think you can ask about racial prejudice, if race is an issue. *The defendant is the one that's injected race into the case. The state hasn't.* [Emphasis supplied.]

Walker argues that the emphasized comment "put a chill on the voir dire process, denying the defendant an opportunity to get a racially unbiased jury in denial of his [due process] rights . . . ." However, Walker limits his argument to this conclusory allegation; he does not attempt to explain how the court's remark limited his opportunity to obtain a racially unbiased jury.

If Walker means to contend that the court's comment somehow abridged the scope or effectiveness of his voir dire questions, the record does not support that assertion. As we concluded in Division 2, supra, Walker had a fair and adequate opportunity during voir dire to explore the prospective jurors' possible racial biases.

If Walker is asserting that the court's comment prejudiced the minds of the jurors against him, this assertion likewise has no merit. One reason is that the record does not indicate that the court's comment in fact prejudiced the jurors. A second reason is that Walker has not explained how the comment, on its face, was prejudicial. Finally, the court cured the error, if any, at the end of trial when it instructed the jury as follows:

I want to say to you, by no ruling or comment which the court has made during the progress of the trial has the court intended to express any opinion upon the facts of this case, or upon the credibility of the witnesses, or upon the evidence, or upon the guilt or innocence of the defendant.

For the foregoing reasons, we conclude that the due-process argument of Enumeration Three has no merit.

4. Contrary to the fourth enumeration of error, the verdict was not incomplete.

5. In his next enumeration, the fifth, Walker argues that the trial court erred by refusing to charge the jury on voluntary manslaughter as a lesser-included offense of felony murder. However, we find that this enumeration has no merit, because an intent to kill is an essential element of voluntary manslaughter, and the defendant's own testimony shows that he did not intend to kill Frentheway.

"Intent to kill is an essential element of both murder and voluntary manslaughter." *Parks v. State*, 254 Ga. 403, 414 (12) (330 SE2d 686) (1985).[2] At trial Walker testified as follows:

---

[2] Under OCGA § 16-5-2 (a), a person commits voluntary manslaughter "when he causes

Q. At the time you first pulled out your knife there at the first spot you've marked,[3] did you intend to stab anyone?

A. No, sir, I didn't.

Q. What [were] your intentions with that knife?

A. To make sure that they didn't harm me.

Q. Were you afraid they were going to harm you?

A. Yes, sir.

Q. And, when you swung the knife the second time,[4] did you intend to stab anybody?

A. No, sir, I didn't.

Q. What did you intend to do?

A. Make sure they [weren't] going to harm me.

Walker testified, further, that he did not remember having stabbed either victim.

The foregoing testimony establishes that Walker did not intend to kill Frentheway. Therefore, the court did not err by refusing to charge on voluntary manslaughter as a lesser-included offense of felony murder.

6. In his sixth enumeration, Walker alleges the court should not have admitted certain physical evidence from the crime scene. We find no error.

7. The appellant, in his final enumeration, asserts that the trial court erred when it denied a motion to amend the trial transcript. However, we find no abuse of discretion.

*Judgment affirmed. All the Justices concur, except Hunt, J., not participating.*

---

the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person . . . ."

According to OCGA § 16-5-1 (a), a person commits murder "when he unlawfully and with malice aforethought, either express or implied, causes the death of another human being." Under § 16-5-1 (b), express malice "is that deliberate intention unlawfully to take the life of another human being which is manifested by external circumstances capable of proof."

[3] This was when Walker stabbed Paulk.

[4] When he stabbed Frentheway.

Decided July 13, 1988 —
Reconsideration denied July 29, 1988.

Word & Flinn, Gerald P. Word, T. Michael Flinn, for appellant.
William G. Hamrick, Jr., District Attorney, Peter J. Skandalakis, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General, for appellee.