## S89A0610. USHER v. THE STATE.
### (388 SE2d 686)

HUNT, Justice.

Larry Usher was tried and convicted for the malice murder of Rodney Tuten, for which he received a life sentence.[1] He was also convicted of possession of a firearm in the commission of a felony and burglary arising out of the same incident and was sentenced respectively to 5 years to be served consecutively to the life sentence and 5 years probation. He appeals[2] raising that the trial court committed error in refusing to make the state elect between malice and felony murder, in failing to grant his motion for mistrial, and in charging that flight may be evidence of guilt. We affirm.

---

admits he was a party to the armed robbery during which the victim was killed.

[1] The crime occurred on October 1, 1987, and the defendant was indicted during the February 1988 term by the Butts County Grand Jury. He was convicted and sentenced on September 1, 1988, and filed his motion for new trial on September 26. The trial transcript was certified by the court reporter on June 21, 1989. His amended motion for new trial was filed on August 14, and denied on September 5. His notice of appeal was filed on September 21; the case was docketed here on October 27 and submitted for decision on November 15, 1989.

[2] The enumerations of error dealt with here on appeal are those raised by the defendant's counsel. Defendant himself has written us several letters raising other issues, including several constitutional violations, which we expressly do not deal with here since they have not been ruled on by the trial court. Compare *Smith v. State*, 255 Ga. 654 (341 SE2d 5) (1986).

The defendant was observed at the Big Chic restaurant staring at the home of the Big Chic owner across the street early in the morning of October 1, 1987. At about one o'clock, the caretakers living behind the house saw a man enter the side door just after the owner had left. Soon after, the owner's grandson, who worked at the Big Chic, followed the intruder inside the house. The caretakers, several employees of the Big Chic, and a customer at the drive-in window then observed the defendant run out the front door and up the street. One of the caretakers followed the defendant in his car and confronted him, but the defendant ran across the street, dropping his hat near a pole as he ran. The caretaker retrieved the cap and turned it over to the police.

The defendant was also seen running through town. He went to a laundromat and from there was given a ride home by his sister, who was there doing the wash with her mother. A shirt, described by the witnesses as having been worn by the defendant as he ran from the murder scene, and a pistol, identified by a ballistics expert as the murder weapon, were discovered under the house of one of the witnesses who had recognized the defendant as he ran by her porch. The pistol belonged to an acquaintance of the defendant, who had been missing his gun.

Meanwhile, the caretaker's wife entered the owner's home, where she discovered the grandson had been shot in the head. A gun belonging to the owner and kept on a bar in the kitchen was found under the victim. He died several days later.

The defendant was arrested at his mother's house the afternoon of the shooting. Hairs were taken from his head to compare with those found in the hat retrieved by the caretaker. At trial, the defendant admitted having been in town that day, but denied that he had been near the Big Chic or at the house of the owner and that he had killed the victim.

1. We decline the defendant's invitation to create a rule forcing the state to elect between malice and felony murder before presenting the case to the jury. *Roberts v. State*, 259 Ga. 620, 621 (385 SE2d 668) (1989).

2. The defendant asserts error in the failure of the trial court to grant his motion for mistrial. After expert testimony that the hair in the cap was similar to samples from the defendant's head was admitted without objection, evidence of the chain of custody of the cap showing it had been tossed in the back seat of a patrol car was admitted. When later testimony revealed that the police routinely transported a variety of persons in the car's back seat, the defendant moved to exclude the expert's testimony on the ground the hat could have been contaminated with hair similar to that of the defendant. The trial court sustained the objection to admission of the hair sam-

ples into evidence and directed the jury to disregard the testimony of the hair expert, but refused to grant a mistrial.

The defendant urges on appeal that the trial court abused its discretion in refusing to grant a mistrial because the hair samples were the "only physical link connecting [a]ppellant and the scene of the crime" in a case based on circumstantial evidence.[3] There were, however, several people who identified the defendant as the person running from the victim's house. While several witnesses were unable to pick out the defendant from a line-up, others, including the customer at the drive-up window who had known the defendant for several years and had waved at him in town earlier that same day, were clearly able to do so. In addition, the caretaker testified that he saw the cap fall off the defendant's head and retrieved it. Considering the evidence as a whole, we cannot say the trial court abused its discretion by electing to exclude the evidence with curative instructions as opposed to granting a mistrial. *Flowers v. State*, 252 Ga. 476 (2) (314 SE2d 206) (1984).

3. The trial court did not err in charging the law of flight to the jury. While evidence of presence at the scene and flight, *without more*, is insufficient to support a criminal conviction, *Estep v. State*, 154 Ga. App. 1, 3 (267 SE2d 314) (1980), there is other supporting evidence here which makes this principle inapplicable. *Woodruff v. State*, 233 Ga. 840, 842 (213 SE2d 689) (1975). But see *Cameron v. State*, 256 Ga. 225, 227 (345 SE2d 575) (1986) (Bell, J. concurring).

Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 28, 1990.

*Mills, Freeman, Vaughn & Sosebee, W. Franklin Freeman, Jr.,* for appellant.

*Tommy K. Floyd, District Attorney, Marie R. Banks, Gregory A. Futch, Assistant District Attorneys, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.

---

[3] Brief of appellant, p. 9.