## S89A0434. NEWTON v. THE STATE.
(388 SE2d 698)

BELL, Justice.

Appellant Chester Newton appeals his convictions for malice murder and rape.[1] We affirm the murder conviction and reverse the rape conviction.

Appellant and the victim lived near each other, close to a school in Effingham County. According to appellant, the victim had formerly been his girl friend, and they had engaged in sex together. Several witnesses testified that appellant had attempted to rape the victim behind the school on more than one occasion. On the night of the murder, appellant and the victim drank together at a party. Her body was subsequently discovered behind a nearby church. Her shirt was missing, her bra was around her upper torso, her shorts were down, and her legs were spread apart. The condition of the area around her body indicated that a struggle had taken place. A cigarette lighter was found underneath her body. Medical testimony indicated that the cause of death was injuries consistent with strangulation, and that injuries to the victim's vagina were consistent with insertion of a wedge-shaped object.

After receiving *Miranda* warnings, appellant gave custodial statements. He admitted that he had lost his cigarette lighter on the evening of the murder, but he denied killing the victim. Other testimony indicated that blood stains on appellant's shirt were consistent with the victim's blood type, but were not consistent with appellant's. In addition, appellant's bedsheets were positive for human blood, and hair samples from his clothing could have come from the victim.

1. Appellant contends that the trial court erred by failing to conduct a *Jackson v. Denno* hearing on the admissibility of his custodial statements, and by failing to clearly rule that appellant made the statements voluntarily.

These contentions have no merit. Our review of the record shows that the court held a *Jackson v. Denno* hearing, and, moreover, that the court's conclusion that the statements were voluntary appears from the record with unmistakable clarity, *Sanders v. State*, 257 Ga. 239, 240 (1 a) (357 SE2d 66) (1987).

2. Appellant asserts that the trial court erroneously denied his motion for directed verdict on the charge of rape. Appellant argues

---

[1] The crimes occurred on July 5, 1986. On July 21, 1987, Newton was indicted. He was convicted by a jury on November 12, 1987, and received a life sentence for each crime on November 17, 1987. On December 1, 1987, Newton moved for a new trial. The court reporter certified the transcript on June 21, 1988. The court denied the motion for new trial on August 4, 1989. Newton filed his notice of appeal on August 8, and on August 9 the clerk of superior court certified the record. The clerk of this Court docketed the appeal on August 16. On September 29, 1989, the appeal was submitted on briefs.

that the state failed to prove the element of carnal knowledge, by failing to show that there was penetration of the victim's sex organ by appellant's sex organ.

This enumeration has merit. OCGA § 16-6-1 (a) provides that a "person commits the offense of rape when he has carnal knowledge of a female forcibly and against her will. Carnal knowledge in rape occurs when there is any penetration of the female sex organ by the male sex organ." In this case, the evidence, construed most favorably to the state, showed that the victim had been sexually molested, but did not show that the victim's vagina was penetrated by a male sex organ. We are therefore compelled to reverse the appellant's conviction for rape.

3. Appellant contends that the trial court erred by denying his motion for a directed verdict on the charge of murder.

We disagree. The evidence was circumstantial, but it was sufficient to authorize a rational trier of fact to find appellant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The court ruled correctly in denying the motion for directed verdict. *Jackson v. State*, 258 Ga. 810 (1) (375 SE2d 454) (1989).

4. The trial court did not err by admitting into evidence certain photographs of the victim and the crime scene.

5. Appellant contends that the court erred on three separate occasions when the court questioned witnesses. Appellant argues that during the questioning the court violated OCGA § 17-8-57, which provides that "[i]t is error for any judge in any criminal case . . . to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused."

We find no error. Our review of the court's questions reveals no violation of § 17-8-57. Moreover, appellant's counsel failed to object or move for a mistrial, and therefore did not preserve this issue for appellate review. *Ford v. State*, 255 Ga. 81, 83-84 (2) (335 SE2d 567) (1985).

6. Another of appellant's enumerations is that the court erred by allowing the state to make improper statements during closing argument.

However, as there was no objection or motion for mistrial, appellant has waived the right to raise this issue on appeal. *Hudson v. State*, 250 Ga. 479, 484 (4) (299 SE2d 531) (1983).

7. Appellant's remaining contentions are mooted by our reversal of his conviction for rape.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 1, 1990.

*Michael J. Classens,* for appellant.

*J. Lane Johnston, District Attorney, R. J. Martin III, Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.