S93A0296. GARDNER v. THE STATE.
(429 SE2d 657)

</div>

BENHAM, Justice.

Appellant, 15 years old at the time of the commission of the crimes,[1] was convicted of malice murder, aggravated assault, armed robbery, and two counts of possession of a firearm during the commission of a felony in connection with the fatal shooting of one man and the armed robbery of another in downtown Savannah at approximately 11:00 p.m. on July 4, 1991. He was sentenced to life imprisonment for the murder conviction, and various terms of years for the remaining felony convictions.[2]

1. The State presented evidence that appellant and a companion robbed one victim of money and jewelry at gunpoint and, minutes later, confronted their second victim, demanding money. That victim was killed by a gunshot to the head. The armed robbery victim, his companion, and the companion of the murder victim all selected appellant's photograph from a display of six photos as one depicting the perpetrator. A witness testified that earlier on the evening of the crimes appellant, who was carrying a .38 caliber gun, and his co-indictee had left their companions in downtown Savannah for the avowed purpose of robbing people. Another witness testified that, af-

---

[1] Appellant's co-indictee, tried separately, was 13 years old at the time the crimes were committed.

[2] The crimes were committed on July 4, 1991. Appellant was arrested on July 11, 1991, and indicted on July 17, 1991. He was tried March 23-26, 1992, and sentenced on April 14. Trial counsel filed a motion for new trial on April 15, which appellate counsel amended on June 30 and July 1. The motion for new trial was denied September 11, and the notice of appeal filed on September 25. The case was docketed in this court on November 25, and submitted for decision on January 22, 1993.

ter the shooting, appellant and his co-indictee told the witness appellant had shot the murder victim in self-defense. The evidence was sufficient to authorize a rational trier of fact that appellant was guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred when it allowed the evidence to be re-opened in response to a question posed by the jury 17 minutes into their deliberations. "[E]ven after jury deliberations have begun, the trial court, in the sound exercise of discretion, may reopen the evidence and allow the admission of new evidence. *State v. Roberts*, 247 Ga. 456 (277 SE2d 644) (1981)." *Childs v. State*, 257 Ga. 243, 255 (357 SE2d 48) (1987). There is no evidence that the trial court's action was an abuse of discretion.

3. The State presented as a similar transaction evidence that, approximately one year before the events for which he was being tried, appellant was one of two young teenagers who approached a man sitting in a square in downtown Savannah at 10:00 p.m., and demanded money and jewelry while threatening the use of a gun. The independent crime was similar to the crimes for which appellant was on trial. Immediately preceding the introduction of the evidence, the trial court instructed the jury that they consider the independent crime evidence only for establishing the identity or the state of mind of the perpetrator. The contents of the instruction and the fact that it was given immediately before the introduction of the contested evidence reflect that the trial court ably made the essential preliminary determination as to whether the State was introducing the evidence for an appropriate purpose. See *Williams v. State*, 261 Ga. 640, 643 (409 SE2d 649) (1991). Thus, the State's failure to expressly inform the trial court of the purpose for which the evidence was being offered was harmless error. Compare *Williams*, supra.

4. Citing *Chambers v. Mississippi*, 410 U. S. 284 (93 SC 1038, 35 LE2d 297) (1973), appellant contends the trial court committed error of constitutional magnitude when it refused to permit appellant's uncle to testify he had overheard appellant's co-indictee admit that he had shot the murder victim.

> It is the long-standing rule in this state that declarations to third persons against the declarant's penal interest, to the effect that the declarant, and not the accused, was the actual perpetrator of the offense, are not admissible in favor of the accused at his trial. [Cits.] [*Timberlake v. State*, 246 Ga. 488, 492 (271 SE2d 792) (1980).]

Since the co-indictee did not testify, the uncle's recitation of the co-indictee's purported confession would fall squarely within Georgia's

hearsay rule (OCGA §§ 24-3-1; 24-3-52) and is not admissible pursuant to any hearsay exception. *Davis v. State*, 255 Ga. 598 (8) (340 SE2d 869) (1986). Compare *Guess v. State*, 262 Ga. 487 (422 SE2d 178) (1992) (where this court held that the above-stated rule is not applicable where the declarant is present, testifies, and is subject to cross-examination). *Chambers* is not applicable since the declarant there testified at trial.

5. The State's attempts to impeach a defense witness through the use of contradictory statements were permissible under OCGA § 24-9-83. The State's use of a certified copy of the witness' plea of guilty to a charge of possession of cocaine was also a permissible method of impeachment. See *Timberlake*, supra at 499.

6. Appellant contends the trial court erred when it overruled his objections to the admission of the photo lineup displayed to the witnesses who selected appellant's photo as that of their assailant. Even if we were to agree with appellant that the photospread was unduly suggestive, each witness testified that the in-court identification of appellant was based on the witness' observations the night the crimes were committed, and the evidence supports that testimony. The trial court did not err when it refused to suppress the in-court identification of appellant. *Callaway v. State*, 257 Ga. 12 (3) (354 SE2d 118) (1987).

7. (a) Turning to the instructions given the jury by the trial court, appellant contends reversible error was committed because the trial court failed to charge on the presumption of innocence and that the State had the burden of proving guilt beyond a reasonable doubt. The trial court thoroughly covered both principles in a preliminary charge given to the jury after it was sworn and prior to the opening statements. The trial court began its post-evidentiary instructions by reminding the jury of the pertinent portions of the preliminary instructions, reiterating that the defendant was presumed innocent and that the State had to overcome that presumption with evidence sufficient to convince the jury of his guilt beyond a reasonable doubt.

The charge to the jury must be taken as a whole. *Hendrix v. State*, 239 Ga. 507 (3) (238 SE2d 56) (1977). When taken as a whole, the charge was correct and complete on the principles of law appellant asserts were overlooked. See *Sharp v. State*, 192 Ga. App. 353 (2) (a) (385 SE2d 23) (1989).

(b) The trial court properly refused to give appellant's requested charges on the included offenses. There was no evidence of provocation to authorize a charge on voluntary manslaughter (see OCGA § 16-5-2 (a)); the unrefuted evidence that the shooting victim died precluded a charge on aggravated assault with intent to commit murder (*Sanders v. State*, 251 Ga. 70 (4) (303 SE2d 13) (1983)); since the victims were placed in reasonable apprehension of immediate violent

injury, there was no basis for a charge on involuntary manslaughter or pointing a pistol at another (*Rhodes v. State*, 257 Ga. 368 (4) and (6) (359 SE2d 670) (1987)); and since there was undisputed evidence that the murder and aggravated assault were completed, a charge on reckless conduct as an included offense was not appropriate. See *Sanders*, supra.

8. Appellant takes issue with the action taken by the trial court with regard to two potential jurors. The trial court did not abuse its discretion in removing for cause a venireperson who expressed a religious belief that she would have to repent for having sat in judgment of another. *Robinson v. State*, 258 Ga. 279 (2) (368 SE2d 513) (1988). Nor was it an abuse of discretion to refuse to remove for cause a venireperson who initially stated she would be influenced by the fact that appellant's co-indictee had been found guilty of the murder for which appellant was to be tried, but who, on further questioning, stated she could decide appellant's guilt or innocence based on the evidence she heard in the courtroom. See *Chancey v. State*, 256 Ga. 415 (3) (B) (a) (349 SE2d 717) (1986).

9. Appellant points out that the trial court voiced its opinion, in a sidebar conference, that appellant was "guilty as sin," and contends the trial court then violated OCGA § 17-8-57 by intimating that opinion to the jury through the rulings expounded on in Divisions 5, 6 (a), and 7, and by spelling the words "party" and "impeach" during its instructions to the jury. At no time during the trial did appellant assert that the trial court was making an impermissible expression or intimation of its opinion, and thereby waived the right to raise the issue on appeal. *Kimbrough v. State*, 254 Ga. 504 (3) (330 SE2d 875) (1985). Even considering the merits of appellant's allegations, we find them to be without merit.

10. Appellant contends trial counsel was ineffective because he purportedly failed to discuss the case with witnesses whose names appellant provided; failed to adequately consult with appellant; and instructed appellant to pretend he was right-handed when the evidence was re-opened to take evidence on that issue. Evidence on the issue was presented at the hearing on the motion for new trial, and the trial court determined that

> assistance at trial was effective and, indeed, was excellent. Trial counsel was energetic, skillful, experienced and effective despite the difficulties of a juvenile client, many adverse eye-witnesses, and concerned, intervening family members of the defendant.

Our review of the record leads us to conclude that the trial court's conclusion was not clearly erroneous, and appellant's assertion is

without merit. *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986).
*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 1993 —
RECONSIDERATION DENIED JUNE 18, 1993.

*C. Jackson Burch*, for appellant.

*Spencer Lawton, Jr.*, District Attorney, *David T. Lock*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Susan V. Boleyn*, Senior Assistant Attorney General, *Paige M. Reese*, Staff Attorney, for appellee.