### S95A1455. ROWE v. THE STATE.
(464 SE2d 811)

HINES, Justice.

Duequetta Rowe was convicted of felony murder, aggravated assault, and felony theft by receiving stolen property. He was sentenced to life imprisonment for the murder and to a concurrent term of ten years for the theft by receiving stolen property.[1] As the underlying

---

[1] *Hall v. Madison,* 263 Ga. 73, 74 (428 SE2d 345) (1993).

[2] See *Grant v. Byrd,* 265 Ga. 684 (461 SE2d 871) (1995).

[1] The crimes occurred on December 27, 1993, and Rowe was arrested the same day. He was indicted on May 6, 1994, and entered a plea of not guilty on July 5, 1994. Guilty verdicts were returned on July 11, 1994, and Rowe was sentenced the same day. A motion for new trial was filed on August 10, 1994, and denied on December 7, 1994. The notice of appeal was

charge of the felony murder, the aggravated assault conviction was vacated by operation of OCGA § 16-1-7.

The evidence at trial established that Rowe, while sitting in the front passenger seat of a friend's car, negotiated the sale of a pistol with the victim, James Christopher Perry III, who was standing on the sidewalk. A witness, who was standing next to Perry, testified that Rowe loaded the pistol, exited the vehicle, and as Perry handed him money, put the pistol to Perry's chest, said "give it up," and fired one shot. In a written statement to police, Rowe admitted his involvement in the occurrence, but maintained that the pistol discharged accidentally when Perry grabbed it near the barrel. A county medical examiner testified that the muzzle of the pistol was at least two and a half feet from Perry when the shot was fired. He based his testimony on the fact that there were no powder burns or gunshot residue on Perry's hands, body, or clothing. A detective testified that during the investigation it was discovered that the pistol had been stolen two months before the murder.

1. Reviewing the evidence in a light most favorable to the verdicts, it was sufficient to enable a rational trier of fact to find Rowe guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Rowe contends that the trial court improperly commented on the evidence in violation of OCGA § 17-8-57.[2] However, at trial, Rowe neither objected nor moved for mistrial when the alleged improper comments were made; rather, he asserted that the comments were reversible error for the first time in his motion for new trial.

"The question of whether [OCGA § 17-8-57] has been violated is not reached unless an objection or motion for mistrial is made." *State v. Griffin*, 240 Ga. 470 (241 SE2d 230) (1978). See also *Walker v. State*, 258 Ga. 443 (3) (370 SE2d 149) (1988). "A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Scott v. State*, 229 Ga. 541, 547 (192 SE2d 367) (1972). By appellant's failure to "assert that the trial court was making an impermissible expression or intimation of its opinion, . . . [he] thereby waived the right to raise the issue on appeal." *Gardner v. State*, 263 Ga. 197, 200 (429 SE2d 657) (1993).

Notwithstanding Rowe's failure to preserve the issue for appeal, we find this contention to be without merit. During direct examination of the medical examiner, the state's attorney asked him to assist

filed on January 6, 1995. The case was docketed in this Court on June 9, 1995, and was argued on September 12, 1995.

[2] It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. OCGA § 17-8-57.

in a demonstration based on certain testimony presented. Specifically, the state's attorney, assuming the role of Rowe, held the pistol in her left hand and asked the medical examiner to grab its barrel in his right hand, as Rowe, in a written statement given to police, indicated Perry had done. The medical examiner opined that, based on his findings, had this occurred, it would have been impossible for Perry to have been shot in the manner that he was. On cross-examination, counsel for Rowe likewise asked the medical examiner to assist in a demonstration, in which defense counsel assumed the role of Rowe, and stated:

> Now maybe we can get back in the same situation that you were at first. Of course, this would be the defendant here with his hand out like this, okay? And I want you to reach out, stretch out —

The court then interrupted the demonstration and the following colloquy occurred among the court, the medical examiner, and counsel for Rowe:

COURT: I believe the other demonstration, did it have the gun in his right hand or the left one?

WITNESS: Left hand.

COURT: You have it in your right.

COUNSEL: I know it. I want it in my right hand. I want it in my right hand. Okay.

COURT: So this is not a hypothetical that is based on facts in evidence. Doesn't a hypothetical have to be based on facts in evidence, or is this just some sort of demonstration?

COUNSEL: This is just for demonstrative evidence only.

COURT: All right.

The court then permitted the demonstration to continue uninterrupted.

These statements and questions by the trial court did not constitute an expression or intimation of its opinion respecting what had or had not been proved, nor can they be construed to indicate the court's opinion as to the guilt or innocence of Rowe; rather, the court merely clarified the nature of the demonstration and enunciated a correct statement of the law. Because the only testimony proffered was that Rowe held the pistol in his left hand, Rowe's attempt to elicit testimony from the medical examiner, based on a hypothetical

question which assumed Rowe held the pistol in his right hand, was inappropriate. See OCGA § 24-9-67. "An expert witness is not permitted to give his opinion, in answer to a hypothetical question, based on facts not placed in evidence by other witnesses. [Cits.]" *Horton v. Eaton*, 215 Ga. App. 803, 806 (452 SE2d 541) (1994). Moreover,

> [t]he rule which prohibits an expression or intimation of opinion by the trial court "as to what has or has not been proved," OCGA § 17-8-57, "does not generally extend to colloquies between the judge and counsel regarding the admissibility of evidence. [Cits.]" [Cit.]

*Adams v. State*, 264 Ga. 71, 76 (440 SE2d 639) (1994), quoting *Kinsman v. State*, 259 Ga. 89, 93 (376 SE2d 845) (1989).

3. Rowe also contends that the trial court erred by refusing to charge the jury regarding pointing or aiming a gun or pistol at another, OCGA § 16-11-102, as a lesser included offense of aggravated assault. We disagree.

Because Rowe stated to police that the pistol discharged accidentally the court properly charged on the defense of misfortune or accident. Since Rowe presented no other defense, the evidence established either that Rowe intentionally shot and killed Perry, and thus committed the offenses of aggravated assault and murder, or that the pistol discharged accidentally, and these offenses did not occur. "Where, as here, the evidence shows either the commission of the completed offense as charged, or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense." *Peebles v. State*, 260 Ga. 430, 433 (396 SE2d 229) (1990).

4. Lastly, Rowe contends that the trial court erred by failing to charge the jury that it could recommend misdemeanor punishment upon his conviction for the felony offense of theft by receiving stolen property. This contention also fails. It is the province of the court to "fix a sentence within the limits prescribed by law." OCGA § 17-10-2 (a). Moreover, since a pistol was the subject of the theft by receiving charge, this offense could not be punished as a misdemeanor. OCGA § 16-8-12 (a) (5) (A) & (B).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 1996.

*Hurl R. Taylor, Jr.*, for appellant.

*J. Tom Morgan, District Attorney, Elisabeth G. Macnamara, Robert M. Coker, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney Gen-*

*eral, Paige R. Whitaker, Assistant Attorney General,* for appellee.