## S97A0746. WILSON v. THE STATE.
(491 SE2d 47)

THOMPSON, Justice.

Defendant Derrick Leroy Wilson was convicted of the malice murder of Amadius Mozart Douglas, and possession of a firearm during the commission of a felony.[1] He appeals, enumerating error pri-

---

[1] The crimes were committed on August 4, 1995. Defendant was indicted on October 23, 1995, and charged with malice murder, felony murder (predicated on the underlying felonies of aggravated assault and possession of a firearm by a convicted felon), possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. The case was tried on March 12 and 13, 1996, and the jury found defendant guilty of malice mur-

marily with respect to a curative instruction which the trial court gave in connection with similar transaction evidence.

Viewing the evidence in a light upholding the verdict, we find the following: Defendant and Douglas had quarreled on various occasions. Defendant was dating Douglas' mother, and, on the night in question, Douglas approached defendant and his mother as they were sitting under a tree. Defendant and Douglas struggled and when defendant pulled a gun, Douglas eased away and started running. Defendant gave chase, and when he caught up with Douglas, he shot him in the chest at close range. Douglas died as a result of that wound. Defendant told the police that Douglas had come after him with a "large stick." No such weapon was found at the scene. Earlier in the day, Douglas' grandmother heard defendant say he would kill Douglas, if it were the last thing he did.

1. The evidence was sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of malice murder and possession of a firearm during the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Blair v. State*, 245 Ga. 611, 614 (3) (266 SE2d 214) (1980).

2. The trial court initially permitted the State to introduce similar transaction evidence of a 1988 robbery in which the victim was beaten with a stick and eventually died from his wounds. However, the trial court reconsidered, determined that that evidence should not have been admitted, and instructed the jury to disregard it for the reason that there was no evidence to connect defendant to the crime. Defendant contends the trial court erred in admitting the evidence, and in refusing to grant a mistrial, because the curative instruction was insufficient. The trial court acknowledged that it admitted the evidence erroneously. Thus, we need only decide whether the trial court's instruction to disregard was sufficient to cure the harm to defendant. If it was, it cannot be said that the trial court abused its discretion in refusing to grant a mistrial. See *Usher v. State*, 259 Ga. 835, 836 (2) (388 SE2d 686) (1990) (whether curative instruction will suffice in lieu of grant of mistrial lies in discretion of trial court).

Defendant did not object to the curative instruction in a timely manner. It was only after four witnesses testified (and the lapse of forty pages in the transcript) that defendant suggested that the curative instruction was insufficient and moved for a mistrial. See gener-

der and possession of a firearm during the commission of a felony. The trial court sentenced defendant to imprisonment for life and five years (concurrent). Defendant's timely filed motion for new trial was denied on December 11, 1996, and he filed a notice of appeal on January 9, 1997. The appeal was docketed in this Court on February 10, 1997, and submitted for decision on briefs on April 7, 1997.

ally *Foshee v. State*, 256 Ga. 555, 557 (2) (350 SE2d 416) (1986) (OCGA § 5-5-24 does not relieve defendant of obligation to make timely objection throughout trial). Thus, although defendant lodged a continuing objection to the similar transaction evidence, he waived any objection to the curative instruction. See *Worley v. State*, 201 Ga. App. 704 (2) (411 SE2d 760) (1991), citing *Thaxton v. State*, 260 Ga. 141, 143 (5) (390 SE2d 841) (1990). Even if defendant's objection and motion for mistrial were timely, we would find no error because the trial court's curative instruction made it clear that there was no evidence to show that defendant perpetrated the 1988 crimes and nullified any prejudice to defendant. See *Anderson v. State*, 262 Ga. 289, 290 (1) (418 SE2d 1) (1992).

3. Defendant asserts the trial court's recharge was erroneous and harmful because it blurred the lines between malice murder and voluntary manslaughter. We disagree. Responding to an inquiry by the jury, the trial court recharged on malice murder and voluntary manslaughter by giving full and correct definitions of murder, malice, malice murder, and voluntary manslaughter. Although, at one point, the trial court seemed to equate malice murder and voluntary manslaughter, viewed as a whole, the recharge was a correct and accurate statement of the law. Moreover, in its original charge to the jury, the trial court gave accurate and extensive instructions on malice murder, felony murder and voluntary manslaughter. It is unlikely that a juror of ordinary intelligence would have been confused by the recharge. *Foote v. State*, 265 Ga. 58, 59-60 (455 SE2d 579) (1995).

4. Contrary to defendant's contention, the trial court did not belittle the prospect of returning a voluntary manslaughter conviction. Nor did it comment on the evidence by declaring that there had been a sufficient cooling off period between any provocation and the killing. And it did not instruct the jury, in response to a specific inquiry, that it had to find defendant guilty of one of the murder charges. The trial court made it clear that these were all matters for the jury to decide.

5. After it announced that it had reached a verdict of guilty upon all counts, the jury was polled and one of the jurors stated that he had not agreed to convict on malice murder. The trial court admonished the jury that its verdict had to be unanimous, and sent it out to deliberate further. In so doing, the trial court added, "It will only take you a few minutes, I am sure. . . ." Defendant objected to the trial court's remark on the ground that it was "gratuitous." On appeal, defendant asserts his conviction must be reversed because the remark amounted to a comment on his guilt in violation of OCGA § 17-8-57. We disagree. Defendant waived the right to assert a violation of OCGA § 17-8-57 because he did not contemporaneously object or move for a mistrial on that ground. *Walker v. State*, 258 Ga. 443,

444 (370 SE2d 149) (1988). Besides, taken in context, it cannot be said that the trial court's remark implied that defendant was guilty of malice murder.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 1997 —
RECONSIDERATION DENIED OCTOBER 31, 1997.

*Kenneth W. Musgrove,* for appellant.

*Ken Hodges, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.

*Judgment affirmed. All the Justices concur.*

