## A99A2432. GROCE v. THE STATE.
### (525 SE2d 430)

JOHNSON, Chief Judge.

A jury found Jerry Groce guilty of felony obstruction of a police officer. Viewed in a light most favorable to support the jury's verdict, the evidence shows that the Columbus police department was contacted by sheriff's deputies in a fugitive unit. They had several outstanding warrants for Groce's arrest and had received information that he was staying with his mother in Columbus. The deputies briefed the Columbus police officers, who went to the mother's house. The mother was cooperative, told the officers that Groce was staying with her and driving her car, gave the officers a description of her car and her tag number, and showed the officers a picture of Groce.

A week later, one of the officers was driving his regular patrol beat and noticed a car matching the description given by the mother at a traffic light. The officer observed that the driver of the car resembled the man in the picture shown to him at the mother's house. The officer followed Groce and called for backup. Groce made a few turns, driving in the direction of a trailer park which the officer knew was a common place for suspects to flee. When Groce turned into the trailer park, the officer turned on his blue lights. Groce stopped and got out of his car. The officer asked for Groce's license, and Groce reached inside the window of his car door. Concerned because he could not see Groce's hands, the officer told Groce to forget the license and put his hands on top of the car. Groce did this.

The officer stepped behind Groce and placed his hand on Groce's back to guide him closer to the car. At this point, Groce turned around, balled up his fist, and struck the officer in the face. The

officer fell to one knee, and Groce ran into the trailer park. Later that day, Groce was apprehended. At trial, Groce admitted he turned and ran from the officer, but denied striking the officer. Groce admitted there "may have been" a knife in the car and that he went to the trailer park to get away from the officer.

Groce was tried by a jury and appeals from the judgment of conviction entered upon the jury's verdict of guilty. For the reasons which follow, we affirm his conviction.

1. Groce claims the evidence does not support the verdict because the officer was not justified in stopping him and therefore was not engaged in the lawful discharge of his duties at the time of the obstruction. However, Groce's counsel stipulated at trial that the officer was justified in stopping Groce: "He had reason to stop Mr. Groce and to arrest him. I don't think there's any issue about that. We are not making an issue of that." Accordingly, Groce has waived the opportunity to raise this issue on appeal.[1] Moreover, it is apparent that given Groce's outstanding arrest warrants, the officer had probable cause to stop him.[2]

2. Groce next complains that the trial judge erred in informing the jury that the Court of Appeals would correct any mistakes made during the trial. He claims the trial judge's comments could only be construed as telling the jury they should find him guilty and let the Court of Appeals review the case. We find no error.

Prior to the opening statements and introduction of evidence, the trial judge made opening remarks to the jury, orienting the jury to the judicial system and its functions. During these remarks, the trial judge stated that if the court made a mistake, "the Court of Appeals, as it correctly should do and does, will correct this Court." The trial judge also informed the jury that someone looks over the record if they wish and decides whether the trial judge made a mistake big enough or serious enough to affect the outcome or the fairness of the trial. In concluding, the trial judge stated, "[i]t's not my intention to express an opinion to you about what should happen in this case one way or the other."

Groce has waived his right to assert error because he did not object to the trial judge's comments or move for a mistrial.[3] Groce cannot ignore what he thinks to be an injustice, take his chance on a favorable verdict, and then complain later.[4] Furthermore, a thorough

---

[1] See *Zachery v. State*, 238 Ga. App. 191, 192 (2) (517 SE2d 71) (1999); *Ross v. State*, 231 Ga. App. 793, 801 (14) (499 SE2d 642) (1998).

[2] *King v. State*, 211 Ga. App. 12, 15 (2) (438 SE2d 93) (1993).

[3] See *Wilson v. State*, 268 Ga. 527, 529 (5) (491 SE2d 47) (1997); *Walker v. State*, 258 Ga. 443, 444 (3) (a) (370 SE2d 149) (1988); *Hollis v. State*, 215 Ga. App. 35, 39 (6) (450 SE2d 247) (1994).

[4] Id. at 39-40.

review of the trial judge's opening remarks in their entirety, including a look at his references to the Court of Appeals in context, show that the complained-of remarks were merely abstract references to the appellate courts.[5] The challenged comments did not constitute a statement of opinion either as to proof or as to guilt.[6] In addition, as the comments were made before any evidence was introduced in the case, they did not in any way express doubt as to the correctness of any specific ruling made by the court.[7] We also find that the comments did not suggest to the jury that their responsibility in deciding the issues of the case could be lightly discharged because of the possibility of an appeal or of consideration of the case by the appellate courts.[8]

3. Groce contends the trial court erred in considering two exhibits for sentencing purposes. The first exhibit included four pages showing that Groce was indicted for armed robbery, kidnapping, and aggravated assault, describing the charges, and certifying that the pages were true and correct copies of documents on file. The second exhibit was a six-page document showing Groce was indicted for driving under the influence of intoxicants, possessing a controlled substance, and being an habitual violator, describing the charges, showing a nolle prosequi for one of the charges, showing final dispositions for the other charges, and certifying that the pages were true and correct copies of documents on file. According to Groce's objection at trial, the documents were inadmissible because no signed plea of guilty to the offenses was tendered into evidence.

Pretermitting whether Groce's objection was valid, he has failed to show that the trial judge relied on either of the exhibits in sentencing him. According to the trial judge, he did not consider anything improper and "sentenced [Groce] because of the facts of the case that [he] heard, the horrendous conduct that [Groce] exhibited by beating on this police officer." The trial judge sentenced Groce to five years on the felony obstruction of an officer charge, a sentence permitted by statute.[9]

In order to justify a new trial or reversal, a trial court's ruling must be both erroneous and harmful to the defendant.[10] Groce has failed to show that any alleged error in admitting the exhibits was harmful; thus reversal is not required.[11]

4. Groce contends he was denied effective assistance of counsel

---

[5] See *Wilson*, supra; *Bearden v. State*, 159 Ga. App. 892, 893 (3) (285 SE2d 606) (1981).

[6] See *Nobles v. State*, 201 Ga. App. 483, 492 (24) (411 SE2d 294) (1991).

[7] See *Kimbrough v. State*, 254 Ga. 504, 506 (3) (330 SE2d 875) (1985).

[8] Id.

[9] OCGA § 16-10-24 (b).

[10] *Potts v. State*, 207 Ga. App. 863, 868 (6) (429 SE2d 526) (1993).

[11] See generally *Howard v. State*, 201 Ga. App. 164, 166 (2) (410 SE2d 782) (1991).

based on the fact that his trial counsel failed to object to the trial judge's comments referencing the Court of Appeals. Based on our finding in Division 2 that the trial judge's comments were merely abstract references to the Court of Appeals and were not objectionable, this enumeration of error lacks merit.[12]

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 18, 1999.

*William J. Mason*, for appellant.
*J. Gray Conger, District Attorney, Margaret E. Bagley, Assistant District Attorney*, for appellee.

---

[12] See generally *Key v. State*, 226 Ga. App. 240, 243 (2) (485 SE2d 804) (1997).
[1] 270 Ga. 42, 43 (508 SE2d 390) (1998).
[2] 239 Ga. 232 (1) (236 SE2d 748) (1977).