### A01A0015. ARCHIE v. THE STATE.
(545 SE2d 179)

ELDRIDGE, Judge.

A Spalding County jury found Robert Archie guilty of burglary. Archie does not challenge the sufficiency of the evidence against him, but claims (1) that the trial court made an improper opinion comment in violation of OCGA § 17-8-57; and (2) that he received ineffective assistance of counsel at trial because his trial attorney failed to object to the court's allegedly improper opinion comment and failed to object to alleged hearsay testimony by the victim of the burglary. Upon review, we affirm Archie's conviction.

---

1. In reversing this Court in its recent decision in *Paul v. State*,[1] the Supreme Court of Georgia announced a new rule of law wherein a claim of error alleging a violation of OCGA § 17-8-57 is not waived by an attorney's failure to object at trial, if such violation constitutes "plain error": "[W]e will apply the plain error rule to death penalty cases, and other criminal cases in which the trial court violates OCGA § 17-8-57."[2] This, although for 25 years the failure to object to an alleged violation of OCGA § 17-8-57 has resulted in the waiver of such claim on appeal.[3] In fact, we have been especially assiduous in applying waiver ever since the Supreme Court of Georgia granted certiorari to vacate an opinion of this Court for *not* finding waiver:

> The Court of Appeals opinion appears to hold that the purported statements require reversal regardless of whether there was a contemporaneous objection entered. The question of whether Code Ann. § 81-1104 [now OCGA § 17-8-57] has been violated is not reached unless an objection or motion for mistrial is made. . . . The failure of the appellant to object to the questions or to move for a mistrial at the trial estopped him from raising an objection on appeal.[4]

Notwithstanding such precedent, we will, of course, follow the current mandate of our Supreme Court as articulated in *Paul v. State*. And although the "plain error" rule is usually applied only in death penalty cases or other criminal cases involving "exceptional circumstances,"[5] we will do as directed and apply such rule to every criminal case alleging a violation of OCGA § 17-8-57. As such, we will determine herein whether the trial court comment about which Archie complains constituted "plain error" and thus requires reversal. If not,

---

[1] 272 Ga. 845 (537 SE2d 58) (2000).

[2] Id. at 849.

[3] See *Pickren v. State*, 272 Ga. 421, 426 (8) (530 SE2d 464) (2000); *Cammon v. State*, 269 Ga. 470, 475 (8) (500 SE2d 329) (1998); *Wilson v. State*, 268 Ga. 527, 529 (5) (491 SE2d 47) (1997); *Waldrip v. State*, 267 Ga. 739, 751 (20) (482 SE2d 299) (1997); *Rowe v. State*, 266 Ga. 136, 137 (2) (464 SE2d 811) (1996); *Crowe v. State*, 265 Ga. 582, 594 (19) (458 SE2d 799) (1995); *Gardner v. State*, 263 Ga. 197, 200 (429 SE2d 657) (1993); *Newton v. State*, 259 Ga. 853, 854 (5) (388 SE2d 698) (1990); *Walker v. State*, 258 Ga. 443, 444 (370 SE2d 149) (1988); *Kimbrough v. State*, 254 Ga. 504, 505-506 (3) (330 SE2d 875) (1985); *Driggers v. State*, 244 Ga. 160, 162 (2) (259 SE2d 133) (1979); *Davis v. State*, 234 Ga. 730, 731 (2) (218 SE2d 20) (1975).

[4] (Citations and punctuation omitted.) *State v. Griffin*, 240 Ga. 470 (241 SE2d 230) (1978).

[5] *Almond v. State*, 180 Ga. App. 475, 480 (349 SE2d 482) (1986). See *United States v. Atkinson*, 297 U. S. 157, 160 (56 SC 391, 80 LE 555) (1936); *Silber v. United States*, 370 U. S. 717, 718 (82 SC 1287, 8 LE2d 798) (1962). See also *Weems v. State*, 268 Ga. 142, 145-146 (11) (485 SE2d 767) (1997).

the claim will be waived by Archie's failure to object at trial.[6] " 'Plain error' is that which is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or which seriously affects the fairness, integrity or public reputation of a judicial proceeding."[7]

In this case, the victim of the burglary was called to the stand as the State's first witness. She testified that she arrived home and found her back door "tore up" and her television and VCR missing. The victim called the police to report the burglary. Thereafter, the victim's teenage son was called to the stand. After asking preliminary questions, the prosecutor directed the son's attention to the incident in question: "[Prosecutor:] Do you remember — I want to go back to September 17th. Do you remember the night when your house was burglarized? [Witness:] Yes, ma'am." Defense counsel objected because the question was leading and used the expression "burglarized." The trial court then stated: "Well, we know the house was burglarized. We're just trying to find out and figure out who so that's not objectionable." Archie now challenges the trial court's comment as being an expression of what was proved in violation of OCGA § 17-8-57. Archie, however, put forth an alibi defense wherein he readily agreed that the victim's home had been burglarized. He simply claimed that he did not do it and did not know who did. Since the fact that the victim's home was burglarized was not an issue in this case, we do not find the trial court's comment seriously affected the fairness, integrity or public reputation of the trial so as to constitute "plain error." Accordingly, Archie's claim of error is waived.[8]

2. Archie alleges that he received ineffective assistance of counsel at trial. However,

> defendant did not subpoena his trial counsel to appear at the hearing on his motion for new trial. Thus, defendant made no affirmative showing that the purported deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy. The burden is on the party alleging error to show it affirmatively by the record, and when he does not do so, the judgment is assumed to be correct and must be affirmed.[9]

In the absence of contrary evidence, defense counsel's actions are

---

[6] *Buice v. State*, 239 Ga. App. 52, 56 (520 SE2d 258) (1999).

[7] (Citation and punctuation omitted.) Id.

[8] Id.

[9] (Citations and punctuation omitted.) *Foreman v. State*, 200 Ga. App. 400, 401 (3) (408 SE2d 178) (1991). See also *Smith v. State*, 238 Ga. App. 605, 606 (2) (520 SE2d 13) (1999); *Smith v. State*, 224 Ga. App. 819, 820-821 (2) (481 SE2d 896) (1997).

presumed to be part of trial strategy.[10] Accordingly, we find no error in the trial court's denial of Archie's motion for new trial premised on claims of ineffective assistance of counsel.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 14, 2001.

*Mario A. Pacella,* for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.

---

[10] *O'Brien v. State,* 242 Ga. App. 344, 345 (529 SE2d 657) (2000).