36838. GARNTO v. THE STATE.

HILL, Presiding Justice.

This appeal is from the denial of defendant's extraordinary motion for a new trial based on allegedly newly discovered evidence.

The defendant was charged with two murders. At some unspecified time he told his retained attorney he could not remember committing the crimes. At the request of his attorney and the sheriff, the defendant was examined at Central State Hospital by a physician-psychiatrist over a period of 73 days, from September 2, 1976, to November 15, 1976. According to the court's order, the primary purpose of the examination was to determine the defendant's competence to stand trial. According to the affidavit of

defendant's counsel, he understood that the examination was to include "evaluation by psychiatrists there as to the criminal responsibility of defendant at the time the alleged crimes were committed. . . ."

The report of the examination showed that the defendant was "court competent-sane, mentally competent and capable of assisting his attorney in the preparation of his defense." During this examination, an electroencephalogram was interpreted as normal and a brain scan was negative. The defendant had a history of alcohol addiction, including delirium tremens on several occasions. The doctor apparently expressed no opinion to the defendant or in his report as to the criminal responsibility of the defendant at the time the crimes were committed.[1]

After conferring with his counsel as to possible penalties, the defendant voluntarily entered a plea of guilty on March 30, 1977, and received a life sentence. In about April, 1979, the defendant's sister obtained new counsel. They consulted the physician-psychiatrist who had examined the defendant and learned from him that in his opinion at the time of the offense the defendant "was in all probability functioning within a toxic psychosis-delirium tremens" and "was not criminally responsible at the time of the alleged offense." An affidavit to this effect was obtained from the doctor and an extraordinary motion for new trial based on newly-discovered evidence was filed.

Defendant's guilty-plea attorney, by affidavit, sought to show that because the medical report was silent as to mental capacity at the time of the offense (a finding he understood was to be included), he did not further consider the possible defense of not guilty by reason of insanity.

The state moved to dismiss the extraordinary motion for a new trial on the ground that such a motion cannot be used to set aside a guilty plea.[2] The motion judge heard evidence from the defendant who stated that he told his guilty-plea attorney he could not remember, that he did not think alcohol had anything to do with his condition, that he drank only two beers and a little bit of vodka the whole evening, and that after he was told about the sentences he could get, he voluntarily pleaded guilty. The defendant's sister

---

[1] The doctor's 1976 medical report is not included in this record. Although the defendant testified that the doctor told him nothing about his opinion as to the defendant's condition at the time of the offense, the doctor has not been examined on this point.

[2] Citing habeas corpus cases, the state argues that a party who enters a guilty plea waives all defenses, known and unknown. See *Balkcom v. McDaniel,* 234 Ga. 470 (1)

testified as to the interview she and the new attorney had with the doctor. She also testified that she was present at sentencing and that the defendant told the judge "As God is my judge, I guess I'm guilty, but as God is my witness I did not know what I was doing."[3] The judge overruled the motion on its merits and also granted the state's motion to dismiss.

The defendant contends that the trial court erred in denying his extraordinary motion for a new trial. He asserts that the doctor's affidavit presents newly-discovered evidence and the testimony of his sister and the affidavit of his guilty-plea attorney demonstrate due diligence.

The six requisites for granting an extraordinary motion for a new trial on the basis of newly-discovered evidence are well established. " 'It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner . . .' " *Timberlake v. State,* 246 Ga. 488 (1) (271 SE2d 792) (1980), and cases cited. All six requirements must be complied with to prevail on an extraordinary motion for new trial. *Offutt v. State,* 238 Ga. 454, 455 (233 SE2d 191) (1977); *Corn v. State,* 142 Ga. App. 798, 799 (237 SE2d 203) (1977).

The defendant failed to meet the second of these six requirements if not the first. The defendant was, and his attorney was or should have been, aware of the defendant's alleged loss of memory. They knew the defendant was sent to Central State Hospital for mental examination. The defendant was, and his attorney was or should have been, aware of his history of alcoholism and how much he had had to drink on the evening in question. The defendant's sister and new counsel offered no evidence that they had any difficulty in interviewing the doctor. There is no indication that the doctor has seen the defendant since 1976. The acceptance of the doctor's report, which was silent as to the defendant's criminal responsibility at the time of the offense, without inquiry or interview, shows that it was owing to lack of diligence that the doctor's opinion as to the defendant's criminal responsibility was not acquired sooner.[4] See

---

(216 SE2d 328) (1975). We do not here decide this issue. See *Evans v. Perkins,* 225 Ga. 48 (4) (165 SE2d 652) (1969). Perhaps the motion in this case should have been denominated as an extraordinary motion to set aside the plea of guilty. In any event it would appear that in most if not all cases, an extraordinary motion to set aside a plea of guilty would face almost insurmountable obstacles.

[3] The guilty plea transcript is not included in this record.

[4] Having made this determination, it would be inappropriate for us to proceed on

*Harper v. State,* 131 Ga. 771 (3) (63 SE 339) (1908). Thus, it was not error for the court to deny the extraordinary motion for a new trial on the merits.

The defendant cites cases to the effect that an extraordinary motion for new trial should be granted where defense counsel interviews witnesses who mislead counsel by saying they know nothing. *Phillips v. State,* 33 Ga. 281 (3) (1862); *Thomas v. State,* 52 Ga. 509 (2) (1874). Here defense counsel did not interview the witness in question and now says he was misled by the witness' silence on the matter in issue. Thus the cases relied upon are inapposite. See *O'Neil v. State,* 104 Ga. 538 (1) (30 SE 843) (1898); *Harper v. State,* supra. We do not reach the defendant's Brady argument, Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), as it was not raised below and the doctor has not been examined as to what if anything he may have told the defendant. Compare *Timberlake v. State,* supra; see also United States v. Agurs, 427 U. S. 97 (96 SC 2392, 49 LE2d 342) (1976); but see United States v. Eley, 335 FSupp 353, 358 (N. D. Ga. 1972).

*Judgment affirmed. All the Justices concur, except Gregory, J., not participating.*

DECIDED JANUARY 16, 1981.

Leiden, Butler & Hawk, Victor Hawk, for appellant.
Beverly B. Hayes, District Attorney, H. Jeff Lanier, Assistant District Attorney, Arthur K. Bolton, Attorney General, for appellee.

this record as if this were a habeas corpus case.