A96A2240. JACKSON v. THE STATE.
(477 SE2d 893)

MCMURRAY, Presiding Judge.

Defendant's conviction for possession of cocaine with intent to distribute was affirmed on direct appeal. *Jackson v. State*, 216 Ga. App. 842 (456 SE2d 229), decided February 27, 1995. On April 25, 1996, he filed in the trial court a post-appeal "MOTION TO CORRECT VOID SENTENCE," in which he contended that his mandatory life sentence for a second violation of OCGA § 16-13-30 (b), imposed under former OCGA § 16-13-30 (d), Ga. L. 1980, pp. 432, 433, § 1 (d), was a "disproportionate and discriminatory sentence for minor drug offenses." This direct appeal follows the denial of defendant's post-appeal motion. *Held*:

1. The State's motion to dismiss this direct appeal from an order refusing to set aside an allegedly void sentence is denied. See, e.g., *King v. State*, 103 Ga. App. 272, 276 (3), 277 (119 SE2d 77).

2. Defendant argues that he should be given the benefit of the trial court's discretion to entertain mitigating circumstances as authorized under present OCGA § 16-13-30 (d), Ga. L. 1996, p. 1023, § 1.1. As amended, OCGA § 16-13-30 (d) imposes, for a second or subsequent violation of OCGA § 16-13-30 (b), a sentence of "not less than ten years nor more than 40 years or life imprisonment."

"Laws prescribe only for the future; they cannot . . . ordinarily, have a retrospective operation." OCGA § 1-3-5. "According to [defend-

ant's] argument, the legislature could never enact a statute that would ameliorate or repeal a prior sentencing provision unless the new law were given retroactive effect. The [United States] Constitution contains no such requirement. [Cit.] Where a criminal statute does not discriminate on racial grounds or against a suspect class, equal protection and due process concerns are satisfied if the statute bears a 'reasonable relation to a proper legislative purpose' and is 'neither arbitrary nor discriminatory.' *United States v. Holmes*[,] 838 F2d 1175, 1177 (11th Cir. 1988) (quoting *Nebbia v. New York*, 291 U. S. 502, 537 (54 SC 505, 78 LE 940) (1934))." *Fleming v. Zant*, 259 Ga. 687, 688 (1) (386 SE2d 339). In the case sub judice, the legislative purpose in amending the sentencing provisions of OCGA § 16-13-30 (d) to impose a minimum mandatory sentence of ten years while according the trial court the discretion to impose a life sentence "bears a reasonable relationship to a legitimate legislative concern for [repeat offenders of OCGA § 16-13-30 (b)]. Thus, we conclude that [defendant's] equal protection and due process claims are without merit." *Fleming v. Zant*, 259 Ga. 687, 688 (1), supra.

3. Defendant's additional contention, that the mandatory life sentence required by former OCGA § 16-13-30 (d) is disproportionate because it deprives the defendant of an opportunity to present mitigating circumstances has been considered and is found to be without merit. *Isom v. State*, 261 Ga. 596 (1), 597 (408 SE2d 701).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED NOVEMBER 5, 1996.

Frank D. Jackson, *pro se.*
*Daniel J. Porter, District Attorney; Brian K. Wilcox, Assistant District Attorney*, for appellee.