## A98A0545. BURSE v. THE STATE.
(503 SE2d 638)

SMITH, Judge.

Roger Keith Burse was indicted by a Gwinnett County grand jury on one count of possession of cocaine with intent to distribute, OCGA § 16-13-30 (b). He was convicted by a jury, his motion for new trial was denied, and he appeals. Finding no error, we affirm.

Construed to support the verdict, the evidence shows that officers of the narcotics division of the Gwinnett County police department executed a search warrant at a residence. When the officers entered the house, they found one individual in the bathroom and three others, including Burse, in the living room. They "patted everybody down for officer safety," and one of the officers found a plastic bag containing what appeared to be crack cocaine in Burse's pocket. The plastic bag contained ten individual pieces wrapped in

"little tinfoil balls" as well as small green ziplock bags. Burse also had approximately $200 in cash on his person. Burse's arrest and conviction for possession of cocaine with intent to distribute 18 months earlier was introduced as a similar transaction under a limiting instruction from the trial court.

Burse presented evidence at trial that he was unaware the cocaine was in his pants pocket and that he had borrowed the pants from his brother-in-law. But the State presented opposing evidence, including testimony that Burse did not express surprise and did not deny ownership of the cocaine at the time of its discovery, that Burse was a much larger man than his brother-in-law, and that the pants Burse was wearing at the time of his arrest fit him "very well."

1. While Burse asserts the general grounds, his argument on the sufficiency of the evidence is limited to the contention that the evidence failed to demonstrate his possession of cocaine with intent to distribute. It is true that mere possession of cocaine, without more, will not support a conviction for possession with intent to distribute. *Wright v. State*, 154 Ga. App. 400, 401-402 (268 SE2d 378) (1980). But additional evidence may support proof of intent to distribute, including "the packaging of the contraband, possession of certain amounts or denominations of currency, a prior possession with intent to distribute conviction, and expert testimony that the amount of contraband possessed was consistent with larger amounts usually held for sale rather than for personal use." (Citations and punctuation omitted.) *McNair v. State*, 226 Ga. App. 516, 517 (487 SE2d 100) (1997). Here, the State offered Burse's earlier guilty plea to possession of cocaine with intent to distribute, as well as the testimony of several officers that, based on their experience as narcotics investigators, the cocaine in Burse's pocket was packaged for distribution. One officer also testified that, in his opinion, the amount of cocaine in Burse's possession was greater than that normally kept for personal use.

The two police officers properly testified that the amount of cocaine found was inconsistent with personal use and consistent with an intent to sell. As in *Bacon v. State*, 225 Ga. App. 326 (483 SE2d 894) (1997), although the police officers were not formally tendered by the State as expert witnesses, the prosecutor laid the foundation for their opinions by eliciting testimony about their experience in drug enforcement, training in drug interdiction, and knowledge of the customary methods employed in the use and sale of cocaine. Compare *McNair*, supra (officer not qualified as expert and prosecutor elicited no background information from which jury could infer expertise). In addition, Burse never objected to the officers' opinions based on their experience and training. This evidence allowed the jury to find that Burse possessed cocaine with intent to distribute

and to exclude the theory that Burse possessed the drug for personal use. *Maddox v. State*, 227 Ga. App. 602, 603 (1) (490 SE2d 174) (1997).

Moreover, Burse's attorney, not the State, was the first to raise this issue during cross-examination of one of the officers. Burse cannot complain of a ruling caused in whole or in part by his own trial tactics or conduct. He may not ask a question and then demand reversal on appeal because the question elicited a damaging answer. *Gill v. State*, 229 Ga. App. 462, 463 (1) (494 SE2d 259) (1997).

This evidence authorized a rational trier of fact to find the appellant guilty beyond a reasonable doubt of the offense of possession of cocaine with intent to distribute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Davis v. State*, 200 Ga. App. 44 (406 SE2d 555) (1991).

2. Burse next complains of the trial court's instruction to the jury, claiming that the trial court failed to make clear the distinction between possession of cocaine with intent to distribute and the lesser included offense of simple possession of cocaine. He contends this deprived him of his defense that he lacked intent to distribute the cocaine. But the trial court fully charged the jury on the principles of intent, mere presence, and mere association, as well as the elements of the offense of possession of cocaine with intent to distribute. The trial court also charged the jury on the lesser included offense of simple possession in language taken directly from the Suggested Pattern Jury Charge on this issue adopted by the Council of Superior Court Judges. See Suggested Pattern Jury Instructions, Vol. II, Criminal Cases, p. 15 (2nd ed. 1991).[1]

Burse, citing no pertinent authority, complains that the charge was error because it failed to use the words "lesser included offense." The pattern charge does not contain the language sought by Burse, and there is no merit in his contention that the charge as given foreclosed or limited the jury's consideration of the lesser included offense. *Woods v. State*, 208 Ga. App. 565 (1) (431 SE2d 167) (1993). See also *Duggan v. State*, 225 Ga. App. 291, 295-296 (4) (483 SE2d 373) (1997).

3. Burse's final contention, that the revision of the sentencing provisions of OCGA § 16-13-30 (d) should be applied to him retroactively, was raised and rejected in *Jackson v. State*, 223 Ga. App. 471, 472 (2) (477 SE2d 893) (1996).

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

---

[1] Burse's attorney acknowledged that the trial court "clearly defined possession with intent and possession."

DECIDED JUNE 3, 1998.

*Larry L. Duttweiler*, for appellant.

*Daniel J. Porter, District Attorney, James M. Miskell, Assistant District Attorney*, for appellee.