A99A0897. PRICE v. THE STATE.
(522 SE2d 543)

ANDREWS, Presiding Judge.

Frank Price appeals from the judgment entered after a jury found him guilty of possession of cocaine with intent to distribute. We find no reversible error and affirm.

The evidence at trial, taken in the light most favorable to support the verdict, was as follows. On the day in question, an informant called one of the sheriff's deputies and told him that Lonnie Wynn, Frank Price, and one other person would be driving through town

shortly and gave the time at which they would be at a certain intersection. The informant said they would be driving a white Cadillac with a black top and would have recently bought $1,000 to $1,200 worth of crack cocaine. Investigators went to the location described by the confidential informant and saw Frank Price driving a white Lincoln with a black top, with Lonnie Wynn in the front passenger seat and a woman sitting in the back seat.

The officers pulled out behind the car and turned on the lights and siren. Price did not stop, but instead increased his speed, passing two cars on a curve with a double yellow line on the roadway. The police car followed right behind, and officers saw Wynn throw a package out of the car. The police car stopped, and the sheriff jumped out to secure the area where the package was thrown, while the other two officers stayed in the car and continued to follow Price and Wynn. When Price stopped the car at a red light, the officers got out and arrested Price and Wynn. After searching Price, officers found $2,972 in small bills.

The sheriff testified, stating that he secured the area where the package landed until another officer arrived. They then searched and found the package of cocaine on the shoulder of the road, a few feet from where the sheriff had been standing. A forensic chemist from the crime lab stated that the package found by the officers contained 26.1 grams of cocaine, worth about $1,000 to $1,500. One of the officers testified that, in his experience, a person would not be carrying that much cocaine for personal use.

Price testified in his own defense and said the $2,972 police found came from back payments for Social Security. He said he noticed the blue lights on the police car, but right after he saw them, the police car stopped and backed up. Then when he stopped at a red light the police car pulled up and officers got out and arrested him. Price denied buying any drugs or throwing any drugs out of the car.

Lonnie Wynn, Price's co-defendant at trial, also testified and denied throwing anything out of the window, but said he could not see what the passenger in the back seat might have done, since she was sitting behind him. Wynn denied buying any cocaine that day. He admitted to seeing the blue lights on the police car, but said they were not speeding.

1. Price argues the evidence was insufficient to support the verdict because none of the evidence ever placed any drugs in Price's hands. We disagree.

> Possession of contraband may be actual or constructive. . . . "A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly

has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. The law recognizes that possession may be sole or joint."

*Allen v. State*, 191 Ga. App. 623, 624 (2) (382 SE2d 690) (1989); *Anderson v. State*, 166 Ga. App. 459, 460-461 (304 SE2d 550) (1983). "[J]oint constructive possession with another will sustain a conviction for possession of contraband." *Allen*, supra.

Here, Price's attempt to elude officers and Wynn's act of throwing the cocaine out of the window of the car Price was driving were sufficient evidence from which a jury could conclude that Price was guilty of at least joint constructive possession. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The amount of cocaine recovered and the large amount of money Price was carrying were sufficient to sustain a conviction of possession with intent to distribute. *Jackson*, supra; *Allen*, supra.

2. Price also contends the trial court erred in allowing the officer to testify to what the confidential informant told him, claiming it was hearsay.

> When, in a legal investigation, the conduct and motives of the actors are matters concerning which the truth must be found (i.e., are relevant to the issues on trial), then information, conversations, letters and replies, and similar evidence known to the actor are admissible to explain the actor's conduct. [Cits.] But where the conduct and motives of the actor are not matters concerning which the truth must be found (i.e., are irrelevant to the issues on trial)[,] then the information, etc., on which he or she acted shall not be admissible.

*Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982). Moreover, it is only in rare instances that the conduct of the officer needs to be explained, because in almost every case "the motive, intent, or state of mind of such an officer will not be 'matters concerning which the truth must be found.'" *Weems v. State*, 269 Ga. 577, 578 (2) (501 SE2d 806) (1998).

This does not appear to be one of those rare instances where the conduct of the officers needs to be explained, and it was error for the trial court to admit this hearsay testimony. But, even if the trial court erred in admitting the officer's testimony on what the informant told him, the error was harmless. The testimony was cumulative to the other evidence at trial, namely that Price and Wynn had over 26 grams of cocaine in their possession and a large sum of money; therefore, it is highly probable that this testimony did not

contribute to the verdict. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

3. Next, Price contends the trial court erred in denying his motion in limine and motion for continuance because the State failed to serve discovery on defense counsel. At the hearing on Price's motion, the prosecutor stated that the entire file was mailed to Price because there was nothing in the State's file showing an attorney of record. The prosecutor said that defense counsel could have requested a copy of the file at any time. The prosecutor also said there was no exculpatory evidence in the file as to Price, and Price did not make any statement to police. The court denied the motion for continuance, but said that it would allow defense counsel to talk to Lee, the forensic chemist from the Georgia Bureau of Investigation, before she testified.

> If the State fails to comply with OCGA § 17-16-4 (a) (3), the trial court may prohibit the State from introducing the evidence it improperly withheld from the defense. This sanction, however, applies only where there has been a showing of prejudice to the defense and bad faith by the State. OCGA § 17-16-6.

*Tucker v. State*, 222 Ga. App. 517, 518 (3) (474 SE2d 696) (1996). Here, Price has made no showing of bad faith by the State nor of any prejudice resulting from the alleged failure to provide discovery.

As to the trial court's refusal to grant a continuance, we conclude there was no reversible error. Granting or refusing a motion for continuance is a matter addressed to the discretion of the trial court, and absent a clear showing of abuse, this court will not reverse for denying a motion for continuance. *Rhodes v. State*, 200 Ga. App. 193, 194 (407 SE2d 442) (1991). Here, Price does not show how he was harmed as a result of the trial court's failure to grant him a continuance. Therefore, there was no reversible error.

4. In his last enumeration of error, Price claims the trial court erred in admitting the package of cocaine into evidence because it was not properly identified, the proper foundation was not laid and the chain of custody was not established. Beyond these conclusory allegations, Price does not support this enumeration with any specific argument, nor does he cite to any testimony or evidence which might be deemed lacking or insufficient; therefore, we are unable to address this enumeration. We do note, however, that a review of the transcript shows that the State did establish with "reasonable certainty" that the cocaine entered into evidence was the package officers saw Wynn throw from the car. *Anderson v. State*, 247 Ga. 397, 399 (276 SE2d 603) (1981). There was no error.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 14, 1999.

*Joseph L. Smith,* for appellant.
*Tommy K. Floyd, District Attorney, Sandra A. Graves, Assistant District Attorney,* for appellee.