## A01A1494. BAKER v. THE STATE.
### (554 SE2d 324)

MILLER, Judge.

Construed in favor of the guilty verdict, the evidence showed that a passenger threw a can containing a large amount of cocaine out a car window as police chased the eluding vehicle. The passenger escaped, but the driver was apprehended and found with a large amount of cash. He was convicted of various traffic violations and of possession of cocaine with intent to distribute. Enumerating the insufficiency of the evidence on the drug conviction and ineffective assistance of counsel, he moved for a new trial, which the court after an evidentiary hearing denied. He raises the same two issues on appeal. Discerning no error, we affirm.

1. Regarding sufficiency of the evidence, an appellate court does not weigh the evidence nor determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*,[1] i.e., whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The conviction challenged here is the drug conviction, the essential elements of which are the possession of cocaine with the intent to distribute.[2]

Here the evidence showed that at 2:30 a.m. police observed Danny Baker driving a vehicle at an excessive rate of speed. As they began to follow him, he abruptly turned right without signaling and

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] OCGA § 16-13-30 (b).

forced another vehicle off the road. The police activated their blue lights, and Baker sped away to elude capture. As Baker drove near a cornfield, his passenger threw a can that contained over 17 grams of cocaine out the car window. Baker slowed the vehicle to allow the passenger to escape into the cornfield, and Baker then brought the car to a stop at a dead end. When apprehended, he was found with a pager and over $1,100 in cash, of which the most common denomination was $20 bills. Testimony showed that such was indicative of drug distribution. The passenger was never found and did not testify.

Baker's primary argument is that the evidence linked only the unknown passenger and not Baker to the cocaine. *Price v. State*[3] upheld a drug conviction under similar facts, holding first that joint constructive possession with another would sustain a conviction for possession of contraband.[4] *Price* then held that the defendant-driver's attempt to elude officers and the passenger's act of throwing cocaine out the window were sufficient evidence of joint constructive possession.[5] The amount of cocaine recovered (over 26 grams) and the large amount of money found on the defendant (nearly $3,000) supported the conviction of possession with intent to distribute.[6] The material facts here tying Baker to the cocaine and to an intent to distribute are indistinguishable; indeed, we have the additional evidence that Baker purposely slowed down the vehicle so the passenger could escape into the cornfield. The evidence sufficed to sustain Baker's drug conviction.

2. Baker contends that his trial counsel rendered ineffective assistance in that counsel failed to locate and call the unknown passenger as a witness. At the motion for new trial hearing, only Baker testified, who claimed that he made his counsel aware of the need to subpoena the passenger (known to Baker only as "John") for trial, and that the guilty verdict would have been different if "John" had testified. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[7] We affirm the trial court's findings in this regard unless clearly erroneous.[8]

Recognizing that trial strategy and tactics do not equate with ineffective assistance,[9] Baker in his brief argues, "It cannot be asserted that the failure to call John as a witness was trial strategy because there is nothing in the record to explain the failure to call

---

[3] 240 Ga. App. 37 (522 SE2d 543) (1999).
[4] Id. at 38-39 (1).
[5] Id. at 39 (1).
[6] Id.
[7] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).
[8] Id.
[9] See *Rogers v. State*, 247 Ga. App. 219, 232 (18) (b) (543 SE2d 81) (2000).

John. We don't know if trial counsel even attempted to find John." Since appellate counsel, who had more time, also was unable to produce the witness at the motion for new trial hearing, the trial court could correctly assume that trial counsel attempted to locate the witness but faced insurmountable obstacles.[10]

Moreover, similar to the defendant in *McClarity v. State*,[11] Baker misapprehends the burden of proof. Baker, not the State, must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.[12] As in *McClarity*[13] and in *Foreman v. State*,[14] Baker did not call his trial counsel as a witness at the hearing on his motion for new trial. Thus, he made no affirmative showing that the purported deficiency in his trial counsel's representation was indicative of ineffectiveness and was not an example of a conscious and deliberate trial strategy.[15] Trial counsel may have located and interviewed the witness and determined that his testimony was unhelpful.

In the absence of contrary evidence, the trial court is to presume that trial counsel's actions are part of trial strategy.[16] Thus, unless the matter relates to an error allegedly made during the course of the trial that can be determined purely from the trial record, the failure to call trial counsel as a witness in the motion for new trial hearing alone allows the trial court to assume that the matter was a deliberate trial strategy and to rule against defendant's claim of ineffective assistance.[17]

Based on this reasoning, we have affirmed findings of effective assistance where defendant claimed that his counsel failed to find or call a key witness but where the defendant failed to call counsel to testify as to the matter.[18] Also, without the missing witness's testimony at the post-trial hearing, no evidence shows what the witness would have said at the original trial, so it would be pure conjecture to conclude the witness would have helped the defense.[19] No evidence supported a finding that Baker's trial counsel's performance was deficient.

Nor did the evidence show that the alleged deficiency prejudiced

---

[10] See *Corza v. State*, 273 Ga. 164, 168 (4) (a) (539 SE2d 149) (2000).

[11] 234 Ga. App. 348, 350 (3) (506 SE2d 392) (1998).

[12] Id.

[13] Id. at 350-351 (3).

[14] 200 Ga. App. 400, 401 (3) (408 SE2d 178) (1991).

[15] *McClarity*, supra, 234 Ga. App. at 351 (3); *Foreman*, supra, 200 Ga. App. at 401 (3).

[16] *McClarity*, supra, 234 Ga. App. at 351 (3).

[17] Id.; see *Archie v. State*, 248 Ga. App. 56, 58 (2) (545 SE2d 179) (2001); *Harkness v. State*, 225 Ga. App. 864, 866 (2) (485 SE2d 810) (1997).

[18] *Foreman*, supra, 200 Ga. App. at 401 (3); see *McClarity*, supra, 234 Ga. App. at 353 (3) (d).

[19] See *Roberts v. State*, 244 Ga. App. 330, 332 (2) (b) (534 SE2d 526) (2000).

the defense. Where the missing witness does not testify at the motion for new trial hearing, no evidence supports the claim that the witness was crucial to the defense or that the witness could have been located.[20] "Thus, even if we were to assume that trial counsel should have taken additional steps to locate and interview this witness, [Baker] has failed to show how this failure prejudiced his defense."[21] The trial court did not clearly err in concluding that Baker failed to carry his burden of showing prejudice.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 24, 2001.

*Billy M. Grantham*, for appellant.

*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.

A01A1119. IN THE INTEREST OF J. M. et al., children.
(554 SE2d 533)

---

[20] *Curry v. State*, 238 Ga. App. 511, 519 (3) (b) (519 SE2d 269) (1999); see *Cowan v. State*, 243 Ga. App. 388, 397 (10) (b) (531 SE2d 785) (2000).

[21] (Citations omitted.) *Curry*, supra, 238 Ga. App. at 519 (3) (b).