## A01A1968. WATKINS v. THE STATE.
(559 SE2d 133)

MILLER, Judge.

Following a jury trial, James Watkins was convicted of possession of cocaine with intent to distribute. On appeal he asserts several enumerations of error, including insufficiency of the evidence to sustain his conviction, the trial court allowing the State to recall a witness, and the judge's failure to recuse himself due to alleged bias. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that an undercover police officer was monitoring suspected drug activity at a gas station in an area known for its high amount of drug activity. The officer observed two men approach two others standing at the corner of the station. The men who approached spoke with the other two men for a few moments and then quickly walked away. The two men who had been standing at the corner then looked

around the gas station and crossed the street, moving toward the undercover officer's car. As they approached the car, they pulled sweater hoods over their heads. The undercover officer rolled down his window and told the men that he was waiting for someone, and the two men walked away.

Suspecting possible drug activity, the undercover officer contacted a uniformed officer, gave a description of the two men who approached his car, and told the officer to do a "stop and talk" on the two men. The uniformed officer arrived within a few seconds and drove up behind two men who matched the description given by the undercover officer. As he drove closer, the officer saw something white fly to the right of the two men. He stopped the two men and discovered that the thrown object was a plastic bag containing thirty-four hits of crack cocaine. Although it had been raining that day and the ground was wet, the plastic bag containing the crack was dry as if it had just been thrown on the ground. The officer arrested the two men, Watkins and Alfred Gossett, and at the time of the arrest found that Watkins was carrying $272 in cash, mostly in small bills.

Gossett pled guilty, and Watkins went to trial. The State indicated that Gossett was prepared to testify regarding Watkins's plans to sell the cocaine. However, when the State failed to subpoena him, Gossett did not appear at trial. Outside of the presence of the jury, the judge chastised the State for failing to subpoena their key witness and also criticized the State for failing to discuss the money that was found on Watkins or the circumstances surrounding his arrest during the original testimony of the arresting officer. The State acknowledged its mistake in failing to subpoena Gossett and further acknowledged its oversight in failing to ask the arresting officer about the money that Watkins was carrying at the time of his arrest. The judge then counseled the State to find the arresting officer. The judge stated that in the interest of fairness and justice, he would allow the State to recall the arresting officer to correct its oversight, and that if defense counsel overlooked something, he would do the same for him. The judge further stated that he has more often accorded such leeway to defense attorneys than the State. Defense counsel objected, claiming that the court "tipped off" the State regarding its need to recall the arresting officer.

After the jury returned, the State indicated that Gossett was not there to testify, and the judge said that the prosecutor apparently did not know where Gossett was. Defense counsel did not object to the judge's statement.

The arresting officer testified as to his experience in dealing with drug crimes and that the denominations of money found on Watkins were consistent with drug sales. He also testified as to the amounts of crack cocaine that, in his experience, would indicate quantities for

personal use or for distribution and that the amount at issue here would more likely be for distribution. Defense counsel objected, stating that no foundation had been laid for the officer to express such an opinion, but did not object on the basis that the officer was testifying as to an ultimate issue to be decided by the jury.

After the State rested, defense counsel moved for a directed verdict. He did not object to the trial judge ruling on this motion or question the judge's objectivity, but in fact requested that the judge rule on it. The judge denied the motion.

The judge gave pattern jury instructions on direct and circumstantial evidence, including an instruction that exhibits constituted direct evidence. To clarify the distinction between direct and circumstantial evidence, the judge described direct evidence of a person being at the beach as someone testifying that they saw the person at the beach versus someone testifying that they saw the person's footprints in the sand. The judge also charged the jury on parties to a crime. Defense counsel claimed that he was not informed that the judge would give a charge on parties to a crime, but the judge stated on the record that he had informed defense counsel at the charge conference that the charge would be given. The charge conference was not recorded.

During deliberations, the jury submitted written questions to the judge, and he recharged the jury several times on actual, constructive, sole, and joint possession, on the State's burden of proof, and on parties to a crime. The judge also allowed the jury to consider Gossett's guilty plea during deliberations, as it went out with the jury without any objection from defense counsel. The jury returned a guilty verdict against Watkins for possession of cocaine with intent to distribute.

1. Watkins contends that the trial judge erred by assisting the State when he informed the State that it needed to recall the arresting officer. However, the trial judge may interfere with the conduct of counsel in an effort to require counsel to present properly to the jury admissible evidence on the relevant legal issues.[1] That is precisely what the judge was doing here. His helpful comments to the State, outside the presence of the jury, did not indicate any lack of fairness.[2]

Moreover, a judge has broad discretion to allow the recall of a witness, even one that has been excused.[3] The arresting officer here had not yet been excused and had just testified. We find no abuse of discretion in the court allowing the recall of this witness.[4]

---

[1] See *Dyke v. State*, 232 Ga. 817, 825 (III) (209 SE2d 166) (1974).
[2] See *Johnson v. State*, 126 Ga. App. 93, 96 (3) (189 SE2d 900) (1972).
[3] *Lynn v. State*, 251 Ga. App. 155, 157 (2) (a) (553 SE2d 836) (2001).
[4] See id.

2. Watkins claims that the trial judge erred by failing to recuse himself due to alleged bias prior to ruling on Watkins's motion for directed verdict. He argues that the judge was biased because he informed the State that it needed to recall the arresting officer. However, Watkins never moved to recuse the judge, nor did he object to the judge ruling on his motion for directed verdict. He has therefore failed to preserve this issue for appellate review.[5]

3. Notwithstanding his argument that the trial judge should have recused himself prior to ruling on his motion for directed verdict, Watkins contends that the trial court erred by denying his motion for directed verdict. We disagree.

The standard of review for the denial of a motion for directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction.[6] We view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[7] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[8]

Based on the evidence that the police observed Watkins and Gossett behaving consistent with drug sale activity, that the cocaine was thrown after the police approached Watkins and Gossett, and that Watkins was the one with the money, the jury could have concluded that Watkins possessed the cocaine along with Gossett and knew about the cocaine.[9] While it is true that mere possession of cocaine will not support a conviction for possession with intent to distribute, additional evidence such as possession of certain amounts of money and expert testimony that the amount of cocaine possessed was consistent with amounts for sale rather than personal use may support proof of intent to distribute.[10] Here, the arresting officer testified that based on his experience with drug enforcement, the amount of money found on Watkins was consistent with drug sales and that the amount of cocaine involved was more likely to be used for distribution rather than personal use. The evidence was sufficient for the jury to exclude reasonable hypotheses of innocence and to find Watkins guilty of possession of cocaine with intent to distribute.

4. Watkins further argues that the trial court erred by allowing the jury to consider Gossett's guilty plea during its deliberations.

---

[5] See *Johnson v. State*, 250 Ga. App. 245, 246-247 (1) (550 SE2d 113) (2001).

[6] *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001).

[7] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[8] Id.; see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[9] See *Price v. State*, 240 Ga. App. 37, 39 (1) (522 SE2d 543) (1999); *Smith v. State*, 235 Ga. App. 223, 225-226 (510 SE2d 295) (1998).

[10] See *Burse v. State*, 232 Ga. App. 729, 730 (1) (503 SE2d 638) (1998).

However, Watkins did not object when the guilty plea was sent back with the jury and has therefore failed to preserve this issue for appellate review.[11]

5. Watkins also asserts that the arresting officer inappropriately testified as to the ultimate issue to be decided by the jury. More specifically, he argues that the officer should not have been allowed to testify that the amount of crack at issue in this case was more likely to be used for distribution than personal use. However, Watkins did not object to the officer's testimony on this basis at the trial court level and has therefore waived this issue on appeal.[12]

6. Watkins urges that the trial court erred by giving an instruction that direct evidence included trial exhibits. He argues that because the cocaine seized in this case was the only exhibit, the instruction may have misled the jury into believing that the cocaine was to be considered as direct evidence of his guilt. We disagree.

The charge on direct evidence was not erroneous.[13] In addition, it was given in the context of an instruction on circumstantial evidence. "Viewing the jury instructions as a whole, we do not believe that the jury could have construed the charge to mean that all exhibits were to be considered direct evidence pointing immediately to the question of guilt."[14]

7. Watkins contends that the judge improperly injected his opinion about Watkins's guilt by recharging the jury on knowledge, parties to a crime, and actual, sole, and joint possession, when he also recharged them on constructive possession. More specifically, he urges that because the jury initially requested a recharge only on constructive possession, the repeated recharging on these other issues placed more emphasis on Watkins's guilt. We disagree.

The record reveals that in direct response to several questions from the jury, the judge recharged the jury and also reminded the jurors to keep in mind the other charges that had previously been given, including those on the State's burden of proof and the presumption of innocence. Prior to recharging the jury in response to their specific requests, the judge gave proper charges on reasonable doubt, the presumption of innocence, equal opportunity to possess, and mere presence. The judge also instructed the jurors that nothing he did during the trial was intended to indicate any opinion he had about the case. Looking to the charge as a whole, we conclude that

---

[11] See *Bostick v. Ricketts*, 236 Ga. 304, 305-306 (1) (223 SE2d 686) (1976); *Flowers v. State*, 159 Ga. App. 516, 517 (284 SE2d 32) (1981).

[12] *Huntley v. State*, 271 Ga. 227, 230 (5) (518 SE2d 890) (1999).

[13] *Hampton v. State*, 272 Ga. 284, 287-288 (8) (527 SE2d 872) (2000).

[14] (Citation omitted.) Id.

the trial judge did not express an opinion about Watkins's guilt or innocence.[15]

8. Watkins further argues that the trial judge did not inform him of what jury charges would be given at trial. However, the record reveals that the trial judge reminded defense counsel that he had informed him of what charges would be given at the charge conference. The charge conference was not recorded, and Watkins has therefore failed to affirmatively show any error from the record.[16]

9. Watkins urges that the trial judge erred by commenting in front of the jury that the State did not know the whereabouts of Gossett, one of their key witnesses. Watkins failed to object to this comment from the judge and has therefore presented nothing for this court to review.[17]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 22, 2002 — 

*Benjamin A. Davis, Jr.*, for appellant.
*J. Tom Morgan, District Attorney, Jennifer M. Daniels, Barbara B. Conroy, Assistant District Attorneys*, for appellee.

---

[15] See, e.g., *Reid v. State*, 232 Ga. App. 313, 314-315 (1) (501 SE2d 842) (1998).
[16] *Stephenson v. State*, 218 Ga. App. 613, 615 (2) (462 SE2d 767) (1995).
[17] *Sconyers v. Williams*, 198 Ga. App. 673, 674 (2) (402 SE2d 775) (1991).