### A01A2398. ROGERS v. THE STATE.
(560 SE2d 286)

RUFFIN, Judge.

A jury found John Rogers guilty of two counts of child molestation.[1] Rogers appeals, arguing that he received ineffective assistance of counsel and that the trial court erred in admitting evidence. For reasons that follow, we affirm.

Viewed in the light most favorable to support the jury's verdict,[2] the evidence shows that Rogers began inappropriately touching his stepdaughter, F. W., when she was seven or eight years old. According to F. W., Rogers touched her vagina with his hands on numerous occasions while he was physically aroused and, at one point, had her stroke his penis until he ejaculated. F. W. testified that the abuse continued until she was 13 years old. Around that time, F. W. told Rogers that she "wanted to be male and . . . liked women." Rogers re-

---

sponded that he "would never screw [his] son," and he eventually stopped abusing her.

Approximately one year later, F. W. reported the sexual abuse to her psychologist, Dr. Jeff Weber, who testified as an expert at trial. Weber indicated that F. W. exhibited symptoms consistent with sexual abuse, such as gender identity disorder, which F. W. manifested by acting and dressing like a boy. He also testified that, according to F. W., she began to want to be a boy when Rogers stated that he would not molest his son.

Rogers testified at trial and denied that he sexually abused F. W. The jury, however, found him guilty of two counts of child molestation, and the trial court denied Rogers' subsequent motion for new trial.

1. On appeal, Rogers argues that his trial counsel was ineffective in not objecting to evidence regarding F. W.'s gender identity disorder. He contends that this evidence was highly prejudicial, irrelevant, and should not have been admitted at trial.

The record shows that Rogers, through new counsel, raised various ineffective assistance of counsel claims in his amended motion for new trial. He did not, however, assert that trial counsel's failure to object to the gender identity disorder evidence constituted ineffective assistance. " 'Any ineffective counsel challenge will be deemed waived if the new attorney files an amended motion for new trial and does not raise the issue before the trial court so that the challenge can be heard at the earliest practicable moment, i.e., during the hearing on the amended motion.' "[3] Accordingly, Rogers waived this ineffective assistance claim by failing to raise it below.

2. Rogers also argues that, although counsel did not object to the gender identity disorder evidence, the trial court committed "plain error" in admitting it. This Court generally refuses to address issues not raised or ruled upon below.[4] An exception exists, however, "in cases of plain error which is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or which seriously affects the fairness, integrity or public reputation of a judicial proceeding."[5] In Rogers' view, the gender identity disorder evidence inflamed the jury by portraying him as the disorder's cause, improperly evoked sympathy for F. W., and unfairly bolstered F. W.'s testimony. Characterizing the evidence as "highly prejudicial," he argues that its admission

---

[3] *Thompkins v. State*, 272 Ga. 835, 836-837 (2) (c) (536 SE2d 747) (2000); see also *Spear v. State*, 270 Ga. 628, 632 (5) (513 SE2d 489) (1999) ("The contentions of ineffectiveness not raised on motion for new trial by counsel appointed to represent [the defendant] are waived.").

[4] See *Simmons v. State*, 251 Ga. App. 682, 686 (4) (555 SE2d 59) (2001).

[5] (Punctuation omitted.) Id.

affected the integrity of the proceeding, creating plain error and requiring reversal.

We disagree. Under Georgia law, a psychologist such as Weber can offer expert testimony that symptoms exhibited by a child are consistent with sexual abuse.[6] And "the fact that such testimony may also indirectly, though necessarily, involve the child's credibility does not render it inadmissible."[7] In this case, Weber testified that F. W.'s effort to dress and act like a male evidenced gender identity disorder. He further stated that, in his opinion, this disorder is consistent with long-term sexual abuse. Weber's expert testimony properly described for jurors a psychological symptom of sexual abuse.[8]

We find the evidence regarding F. W.'s gender identity disorder and its correlation with sexual abuse both relevant and admissible. The trial court, therefore, did not err — and certainly did not plainly err — in allowing this evidence.

3. Finally, Rogers argues that his trial counsel ineffectively failed to call Pat Higgenbothem, another therapist who counseled F. W., as a witness at trial. At the new trial hearing, Higgenbothem testified that, in her opinion, the gender identity disorder began when F. W. was approximately six years old and resulted from conflicts with her mother. According to Rogers, trial counsel should have called Higgenbothem to rebut Weber's testimony that F. W.'s disorder began at the age of 13 and was a symptom of sexual abuse.

To prove ineffective assistance of counsel, Rogers "must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense."[9] In making this showing, he must overcome the strong presumption that trial counsel's performance "falls within the broad range of reasonable professional conduct."[10] Decisions regarding which defense witnesses to call are matters of trial strategy and tactics, " 'and tactical errors do not constitute ineffective assistance of counsel.' "[11] Furthermore, absent contrary evidence, trial counsel's actions are presumed to be strategic.[12]

Rogers did not subpoena trial counsel to testify at the new trial hearing. As a result, the record contains no evidence as to why counsel elected not to call Higgenbothem, leading us to presume that the

---

[6] See *Brownlow v. State*, 248 Ga. App. 366, 367-368 (2) (a) (544 SE2d 474) (2001); *Odom v. State*, 243 Ga. App. 227-228 (1) (531 SE2d 207) (2000).

[7] (Punctuation omitted.) Id.; see also *Atkins v. State*, 243 Ga. App. 489, 494-495 (2) (533 SE2d 152) (2000).

[8] See *Brownlow*, supra; *Odom*, supra.

[9] *Baker v. State*, 251 Ga. App. 377, 378 (2) (554 SE2d 324) (2001).

[10] Id. at 379 (2).

[11] *Callaway v. State*, 247 Ga. App. 310, 321 (6) (b) (542 SE2d 596) (2000).

[12] See *Baker*, supra.

decision was strategic.[13] In short, Rogers "made no affirmative showing that the purported deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy."[14] The trial court, therefore, properly rejected his ineffective assistance claim relating to Higgenbothem.[15]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 12, 2002.

*Thompson, Fox, Chandler, Homans & Hicks, Robert L. Chandler,* for appellant.

*Lydia J. Sartain, District Attorney, Alison W. Toller, Lisa A. Jones, Assistant District Attorneys,* for appellee.

---

[13] See id.

[14] *Archie v. State,* 248 Ga. App. 56, 58 (2) (545 SE2d 179) (2001).

[15] See id. at 58-59; *Baker,* supra at 379; *Foreman v. State,* 200 Ga. App. 400, 401 (3) (408 SE2d 178) (1991).