### A03A1205. NICHOLS v. THE STATE.
(587 SE2d 322)

JOHNSON, Presiding Judge.
Roy Nichols was tried before a jury and convicted of possession of methamphetamine with intent to distribute, possession of marijuana, attempting to elude an officer, and reckless driving.[1] He appeals, challenging the sufficiency of the evidence supporting the drug convictions. The challenge is without merit, so we affirm the convictions.

On appeal from a criminal conviction, the appellant is no longer presumed innocent, and the appellate court views the evidence in the light most favorable to the verdict.[2] The court does not weigh the evidence or determine witness credibility, but determines only if there is sufficient evidence from which a rational trier of fact could have

---

[1] Nichols was also found guilty of simple possession of methamphetamine, but the trial court merged that offense with the conviction for possession of methamphetamine with intent to distribute.

[2] *Pettus v. State*, 237 Ga. App. 143 (1) (514 SE2d 901) (1999).

found the appellant guilty of the charged offenses beyond a reasonable doubt.[3]

Viewed in favor of the verdict, the evidence shows that at 10:30 p.m., on May 18, 2001, Nichols was driving his car on Highway 27 in Chattooga County. Gerald Sanders, an acquaintance of Nichols, was riding in the front passenger seat of the car. As the pair headed north on the highway, a deputy sheriff driving south in his patrol car approached them. Nichols did not dim his headlights as the vehicles met, so the deputy decided to stop him for a traffic violation.

The deputy turned his vehicle around, activated the patrol car's blue lights, and pulled behind Nichols' car. Nichols did not pull over, but instead sped up and changed lanes. The deputy then turned on his siren and continued following Nichols' car. Nichols still did not stop, but turned off the highway onto another road. He then turned left onto another road, went left again at the next road, and finally stopped in a grocery store parking lot.

The deputy told Nichols and Sanders to get out of their car, and he placed them in handcuffs. The deputy saw that the passenger side window of Nichols' car had been rolled down and suspected that something might have been thrown from the car during the chase. When other officers arrived at the scene, the arresting deputy and another deputy searched the side of the road. About 20 feet behind Nichols' car they found a film canister wrapped in black electrical tape. The canister contained two plastic bags. One bag contained marijuana, and the other bag held 5.4 grams of methamphetamine.

Sitting in plain view in the front of Nichols' vehicle, deputies found a handgun and a set of digital scales which had methamphetamine residue on it. Deputies placed Nichols and Sanders in separate patrol cars and took them to jail. In the back seat of the car which transported Sanders, deputies later discovered another film canister wrapped in black tape and containing marijuana.

A drug task force officer testified at trial that 5.4 grams of methamphetamine is worth $300 to $500. He testified that a drug user, as opposed to a distributor, would not normally possess such a large amount of methamphetamine. And he stated that digital scales are commonly used by drug dealers. He also surmised that the methamphetamine was intended for distribution because no items commonly associated with its use or ingestion were found.

Nichols and Sanders both testified that they had no knowledge of the drugs found near Nichols' car. They both also denied ownership of the set of scales, claiming that it had not been in the car with them.

---

[3] Id.

Possession of contraband may be actual or constructive, and the law recognizes that possession may be sole or joint.[4] In the instant case, there is circumstantial evidence that Nichols and Sanders had joint constructive possession of methamphetamine and marijuana. Nichols' attempt to elude the deputy by speeding up and turning down several roads before stopping is evidence of his guilt.[5] In addition, here is a presumption that the set of scales with methamphetamine residue belongs to Nichols because it was found in a car that he owns and was driving.[6]

The methamphetamine residue on scales belonging to him connects him to the methamphetamine found near his vehicle. And since that methamphetamine was found with marijuana in a canister wrapped in black tape, he is thereby connected to that marijuana. He is further linked to Sanders by the fact that marijuana in another canister also wrapped in black tape was found in the patrol car occupied by Sanders. And the set of scales along with the large amount of methamphetamine supports a finding that the methamphetamine was possessed with the intent to distribute it.[7] Having reviewed the evidence in the light most favorable to the verdict, we find sufficient evidence supporting Nichols' drug convictions.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED SEPTEMBER 17, 2003.

*Jennifer E. Hildebrand*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Bruce E. Roberts, Assistant District Attorney*, for appellee.

---

[4] *Price v. State*, 240 Ga. App. 37, 38-39 (1) (522 SE2d 543) (1999).
[5] Id. at 39 (1) (driver's attempt to elude police was among evidence supporting jury conclusion that he had joint constructive possession of contraband).
[6] See *Townsend v. State*, 253 Ga. App. 316, 317 (558 SE2d 849) (2002).
[7] See *Baker v. State*, 251 Ga. App. 377, 378 (1) (554 SE2d 324) (2001); *Price*, supra.