## A03A1556. ALEXANDER v. THE STATE.
### (589 SE2d 857)

MIKELL, Judge.

Aaron Anthony Alexander appeals his convictions of possession of cocaine with intent to distribute, possession of cocaine with intent to distribute within 1,000 feet of public housing, and tampering with

---

evidence. On appeal, Alexander challenges several of the trial court's evidentiary rulings. Finding no reversible error, we affirm.

Viewed in the light most favorable to the verdict,[1] the evidence shows that on November 30, 1999, Investigator Ken Faust of the Dougherty County Sheriff's Office received a tip from a confidential informant that Alexander was selling drugs. The informant told Faust to look for a white Nissan Sentra on which "Sentra" was written across the top window and "Nissan" across the bottom of the car doors in the 900 block of Corn Street in Albany. Faust informed several other agents of the tip.

Officer Michael Persley and an investigator spotted the car first. As they stepped out of their vehicles, the driver sped off. The officers activated their blue lights, chased the Sentra, and blocked it between their cars. During the chase, Officer Persley saw the front seat passenger drop something out of the window, which another officer retrieved. The driver and the back seat passenger exited the car on the driver's side while it was still moving. When Investigator Faust arrived at the vehicle, Alexander was sitting in the front passenger seat.

Investigator Faust testified that he pulled Alexander from the vehicle and, while patting him down, discovered large bulges on him. Investigator Faust removed $2,425 in small denominations from Alexander's pockets. Shortly thereafter, another investigator approached them and said that the item thrown from the car was cocaine. Investigator Faust then arrested Alexander. A Georgia Crime Lab chemist testified that the substance was cocaine and weighed 16.7 grams. Similar transaction evidence that Alexander was previously convicted of possession of cocaine with intent to distribute was also introduced at trial.

1. In his first two enumerated errors, Alexander argues that the testimony recounting the confidential informant's statement that Alexander was selling drugs was inadmissible hearsay, and that the motion for mistrial made upon the repeated admission of this evidence should have been granted. We agree with Alexander that the testimony should not have been admitted, but its admission does not mandate the reversal of his convictions.

"[U]nless it is the rare instance in which the conduct of an investigating officer is a matter concerning which the truth must be found, it is error to permit an investigating officer to testify, under the guise of explaining the officer's conduct, to what other persons related to the officer during the investigation."[2] This is the case even when a

---

[1] *Shabazz v. State*, 229 Ga. App. 465 (1) (494 SE2d 257) (1997).

[2] (Citations omitted.) *Weems v. State*, 269 Ga. 577, 579 (2) (501 SE2d 806) (1998).

confidential informant provides information that causes the police to initiate an investigation.[3] In *Price v. State*,[4] a case in which the facts are identical to those in the instant case, we found that the officer's testimony about the confidential informant's statement was not admissible to explain his conduct.[5] However, we concluded that its admission did not constitute reversible error because it was cumulative of other evidence introduced at trial; therefore, it was highly probable that the testimony did not contribute to the verdict.[6] The same result is warranted here, as the contested evidence was similarly cumulative. There was evidence at trial that Alexander dropped over 16 grams of cocaine from his car window, had a large sum of money in his pockets, and had a prior conviction for possession of cocaine with intent to distribute. Thus, it is highly probable that Faust's testimony did not contribute to the verdict.

In his motion for a mistrial, Alexander argued that the admission of this evidence improperly placed his character at issue. Again, we agree as the law is clear that evidence of a defendant's general bad character is not admissible unless the defendant first puts his character at issue.[7] Nonetheless, in light of the other evidence of Alexander's guilt, we do not find that the admission of this bad character evidence contributed to the verdict.[8] Accordingly, these enumerations fail.

2. In his third enumeration of error, Alexander argues that Investigator Faust was not offered or qualified as an expert; thus, his testimony that the amount of drugs involved was a "dealer" amount should not have been admitted. We disagree.

Faust, who was assigned to the Albany-Dougherty Drug Unit, testified that he became a Peace Officer Standards and Training-certified officer in 1992; that he had been employed with the drug unit since 1996; that he had been involved in 400 to 500 drug cases since joining the unit, more than half of which involved cocaine; that he had "received extensive training in narcotics investigations, consisting of undercover operations, surveillance operations, [and] search and seizure classes"; that he had conversed with drug users and drug dealers as a part of his experience; that it was not unusual that Alexander did not know how much money he was carrying because dealers do not count their money as they make sales, they count it at the end of the day; and that in his opinion, the amount of cocaine involved in this case was a seller amount. At this point,

---

[3] Id.
[4] 240 Ga. App. 37 (522 SE2d 543) (1999).
[5] Id. at 39 (2).
[6] Id. at 39-40 (2).
[7] OCGA § 24-9-20 (b).
[8] *Fuller v. State*, 230 Ga. App. 219, 221 (2) (496 SE2d 303) (1998).

defense counsel objected on the grounds that the prosecutor had not laid the proper foundation because Faust had not testified as to his experience in the actual use or transaction of drugs. "The trial court overruled the objection which implicitly constituted its acceptance of the officer's expert qualifications."[9] Faust explained that he opined that the amount of cocaine that Alexander possessed was a seller amount because users of cocaine usually possess one type of cocaine, where as here, Alexander possessed rock cocaine and powder cocaine; that the small white bundles of powder cocaine were separated into smaller packs for resale; that the rock cocaine was cut into $20 rock pieces; and that Alexander had more than thirteen grams of powder cocaine, two grams of packaged powder cocaine, and 2.9 grams of crack cocaine, while a normal user would only carry one or two rocks for personal consumption.

"[A]lthough [Faust was] not formally tendered by the State as [an] expert witness[ ], the prosecutor laid the foundation for [his] opinion[ ] by eliciting testimony about [his] experience in drug enforcement, training in drug interdiction, and knowledge of the customary methods employed in the use and sale of cocaine."[10] "It is a matter within the sound discretion of the trial judge as to whether a witness has such learning and experience in a particular profession to entitle him to be deemed prima facie an expert."[11] We find no abuse of discretion here. Furthermore, even absent Faust's testimony, "[t]he large amount of cocaine involved [in this case, over 16 grams], is itself evidence of intent to distribute."[12] Also, a prior conviction of possession with intent to distribute serves as evidence of the intent to distribute.[13]

3. Alexander next argues that his conviction for possession of cocaine with intent to distribute within 1,000 feet of public housing must be reversed because there was no evidence that Holly Homes is a housing project. Investigator Faust testified that the incident occurred in the middle of the Holly Homes Housing Project. The state also introduced a certified map of the housing project in accordance with OCGA § 16-13-32.5 (e), showing that it was a publicly owned property. Thus, this enumeration fails.

---

[9] *Lindley v. State*, 225 Ga. App. 338, 341 (1) (484 SE2d 33) (1997).

[10] *Burse v. State*, 232 Ga. App. 729, 730 (1) (503 SE2d 638) (1998). See also *Lindley*, supra at 341 (1) (trial court implicitly accepted officer as an expert even though the officer was not tendered to the court as an expert by the state but testified at length as to his experience in drug investigations).

[11] (Citation omitted.) *Hudson v. State*, 175 Ga. App. 692, 693 (4) (334 SE2d 20) (1985) (trial judge deemed police officers experts based on their experience even though the officers were not qualified or tendered as experts by prosecution).

[12] *Bacon v. State*, 225 Ga. App. 326, 328 (483 SE2d 894) (1997) (court found that 9.8 grams of cocaine, alone, was evidence of intent to distribute).

[13] *Burse*, supra at 730 (1).

4. Alexander filed an extraordinary motion for new trial, alleging that newly discovered evidence, consisting of a post-arrest video-taped interview, shows that he was not the person who dropped the cocaine from the car. Officer Black described that person's shirt as a long-sleeved, checkered, blue and brown flannel plaid shirt. Alexander maintains that the video shows that his shirt did not match Officer Black's description; therefore, he is entitled to a new trial. Again, we disagree.

> In an extraordinary motion for new trial, the movant must satisfy the trial court (1) that the evidence came to his knowledge after the trial; (2) that the delay in acquiring the evidence was not the result of lack of due diligence; (3) that the evidence is so material that it would probably produce a different verdict; (4) that the evidence is not merely cumulative; (5) that the witness's affidavit is provided or its absence explained; and (6) that the evidence does not operate solely to impeach the credibility of a witness. Failure to show one requirement is sufficient to deny the motion.[14]

Alexander did not comply with all six requirements. Instead, he argued only the third requirement, that the videotape proves his innocence. Moreover, during the hearing on the motion, Alexander's counsel stated that he looked at the prosecution's file and did not notice that the videotape was listed. He did not dispute the state's claim that the videotape was available prior to trial. Therefore, Alexander knew about the videotape before the trial, which precludes him from establishing the first and second requirements. Since "[a]ll six requirements must be complied with to prevail on an extraordinary motion for new trial,"[15] the trial court properly denied Alexander's motion.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 7, 2003.

*John L. Tracy*, for appellant.
*Kenneth B. Hodges III, District Attorney, Sadhana Pandey, Assistant District Attorney*, for appellee.

---

[14] (Citations omitted.) *Crowe v. State*, 265 Ga. 582, 591 (15) (458 SE2d 799) (1995).
[15] (Citations omitted.) *Garnto v. State*, 247 Ga. 22, 24 (273 SE2d 608) (1981).